ARTHUR G. BILL *vs.* HELEN E. PAYNE AND OTHERS.

Hartford Dist., May T., 1892.  ANDREWS, C. J., CARPENTER, SEYMOUR, TORRANCE and J. M. HALL, Js.

A testatrix left the following will:—"I give all my property to my sister, M. A. M., and my nephews and nieces, namely, E. P., M. A. H., L. J. H., H. G. H. and H. W. R., to be equally divided between them." The sister, one of the nephews and one of the nieces died before the testator.  Held that the legacies to them lapsed and became intestate estate.

The legatees being named as individuals, and standing in different relations to the testatrix, could not be regarded as taking as a class.

Where the language of an express provision of a will is free from doubt, a consequence resulting from it that the testator would not have favored will not be permitted to affect the construction of the will, and much less to prevent the application to it of a settled rule of law.

[Argued May 3d—decided June 30th, 1892.]

SUIT for the construction of a will; brought to the Superior Court in Windham County, and reserved on the facts for the advice of this court.  The facts are stated in the opinion.

*C. E. Perkins* and *M. A. Shumway,* for defendants L. J. Hammond and Emily M. Perry.

*J. Halsey* and *C. E. Searls,* for the defendants E. W. Payne, E. W. Payne, guardian, and Helen E. Payne.

CARPENTER, J.   This is a suit by an administrator, with

the will annexed, for the construction of the will of Charlotte H. Brown, deceased. The will is as follows:—" I, Charlotte H. Brown, of Brooklyn, Conn., being of sound mind, give all of my property, after my just debts and funeral expenses are paid, to my sister, Mrs. Mary Ann Mosely, and my nephews and nieces, namely, Mrs. Emily Perry, Mrs. Mary Ann Harkness, Levi Johnson Hammond, H. Griffin Hammond and Hiram Warren Richmond, to be equally divided between them."

Mary Ann Mosely was a sister of the half blood, and Hiram W. Richmond is a nephew of the whole blood. Helen E. Payne, sister, and Hiram W. Richmond are the next of kin, and the legal heirs. Mary Ann Mosely, Mary Ann Harkness and H. Griffin Hammond died before the testatrix did.

In behalf of the surviving legatees, (except Richmond,) it is contended that the shares of the deceased legatees do not lapse, but go to the survivors. In behalf of Mrs. Payne and said Richmond, they being relatives of the whole blood, it is contended that said shares lapse, and, being intestate, should be distributed to them as heirs at law. That is the question in this case.

Counsel for the surviving legatees say, and say truly, that in construing wills courts will seek for and give effect to the intention of the testator. We apprehend however that the intention which controls is that which is positive and direct, rather than negative and consequential. That is, if property is given to A for the purpose of disinheriting B, the intention to give is of more importance than the intention not to give. In this case the intention to give the property to the parties named is primary, direct and positive, and is the intention which must prevail; it is that which the court will endeavor to carry into effect without reference to the motive which prompted it. The intention that Mrs. Payne should take nothing by the will is negative in its character, is incidental and consequential. That is an intention that the court will not enforce, except as it enforces the positive provisions of the will. Conceding then

that the testatrix intended to disinherit her sister, it must
be remembered that she could only do that by effectively
giving her property to others. That she attempted to do.
That she failed was owing to events which occurred after
making her will,—events for which she made no provision
as she might have done. It frequently happens that lega-
tees die during the lifetime of the testator. The testatrix
could have provided for such a contingency by giving
it to the survivors, or to other parties. She did neither.
There is therefore some presumption that she intended that
the law should settle the matter. That presumption is
strengthened by the fact that she had an opportunity to
change her will after one or more of the legatees had died,
and failed to do so. An intent inferred from the conse-
quences of an express provision of a will, when the lan-
guage used is free from doubt, will not be permitted to
affect the construction of that language; much less will it
be permitted to nullify a rule of law applicable to an express
bequest. The testatrix bequeathed her property to collat-
eral relatives, some of whom died during her lifetime. The
ordinary rule is that the legacies to such deceased relatives
lapse and fall into the residuum or become intestate estate,
as the case may be. The implied intent to disinherit nearer
relatives cannot prevent the application of that rule.

It is suggested, rather than seriously contended, that the
beneficiaries are to be regarded as residuary legatees; and
that the shares of the deceased remain in the residue and
go to the survivors. We do not see that this suggestion
will materially aid the contention of the survivors. If we
concede that the same rule applies that applies to the dispo-
sition of a residuum, still the argument is not advanced;
for the question remains,—how do residuary legatees take?
Do they take as a class? as joint tenants? or is there any-
thing in the will to indicate the right of survivorship? The
latter is not claimed. The law prefers a tenancy in common
to a joint tenancy. Even a joint tenancy does not of its
own force always carry with it a right of survivorship.

The rule as to lapsing of legacies applies as well to re-

siduary legatees as to others.   If a sole residuary legatee dies, the testator surviving, the legacy, except in the cases otherwise provided for by statute, lapses; and so of one of several, unless all take as a, class.   And that brings us to the question—do these legatees take as a class?   We think they do not.   Each devisee is named,   One is described as a sister, but is in fact a half sister.   The others are described as nephews and nieces.   One is a nephew of the whole blood, while the others are nephews and nieces of the half blood.

It is suggested that the nephews and nieces, excluding the sister, may well enough take as a class.   But that destroys the unity of the gift and makes a division of the devisees.   We fail to discover that the testatrix had any such intention.   She simply named the legatees, indicating in a general way the relation which each sustained to herself, and provided that her property should be equally divided among them.   Thus each one took individually and not as a member of a class, as a tenant in common and not as a joint tenant.   *Bolles* v. *Smith*, 39 Conn., 217.

The Superior Court is advised that the shares which the deceased devisees and legatees would have taken in the estate of the testatrix are intestate, and should be distributed to the heirs at law.

In this opinion the other judges concurred.