ROBERT  H.  APPLEBY  vs.  ROBERT  NOBLE  ET  AL.,
EXECUTORS.

Second Judicial District, Norwich, April Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and MARVIN, JS.

A contract is not within the clause of the statute of frauds relating to
    agreements not to be performed within one year unless its terms
    are so drawn that it cannot by any possibility be performed fully
    within that time; hence, a contract which, inherently or by its
    terms, depends for its continuance upon a life, is not within the
    statute.
In the present case, the plaintiff sued an executor upon an alleged oral
    promise by the testatrix to bequeath him a stipulated sum in pay-
    ment for services which he had agreed to perform and did perform
    until her death.  Upon the trial, the plaintiff relied wholly upon the
    express contract and laid no foundation for a recovery of the reason-
    able value of his services.  The trial court instructed the jury
    that the plaintiff could not recover upon the alleged contract be-
    cause it was not in writing, but that, if they found that such an
    agreement existed, they should render a verdict in favor of the
    plaintiff for the reasonable value of his services.  The jury rendered
    a verdict for the defendants.  Held:—
1. That the trial court erred in instructing the jury that the agreement
    was within the statute of frauds.
2. That the error, however, was harmless because, in view of the rest
    of the charge, the verdict necessarily imported a finding by the
    jury that the promise was never made.

Argued April 29th—decided June 2d, 1924.

ACTION to recover for services rendered the defend-
ants' testatrix, Augusta M. Clark, pursuant to an al-

leged agreement between her and the plaintiff, brought to the Superior Court in New London County and tried to the jury before *Wolfe, J.;* verdict and judgment for the defendants, and appeal by the plaintiff. *No error.*

The plaintiff offered evidence to prove the following facts: On or about October 1st, 1918, the plaintiff and Augusta M. Clark entered into an agreement whereby the plaintiff agreed to continue in her employ and perform duties and render services to her as manager and caretaker of her homestead, grounds and livestock, in the Town of Old Lyme, from October 1st, 1918, to and until the death of Augusta M. Clark, and in consideration thereof she promised and agreed to compensate the plaintiff at the rate of $100 per month, $40 to be paid in cash monthly, and the balance, $60 per month, to be paid to the plaintiff by a provision to that effect in her will. In pursuance of this agreement the plaintiff rendered services to Augusta M. Clark as agreed, from October 1st, 1918, to and until June 1st, 1922, and was paid $40 per month in cash.

Augusta M. Clark died June 1st, 1922, leaving a last will wherein the defendants were appointed executors. Augusta M. Clark failed to make provision in her will for the payment to the plaintiff of the balance due him under the agreement of $60 per month for forty-four months, in all $2,640. The plaintiff duly presented this claim to the executors, and they disallowed it.

On March 10th, 1919, Augusta M. Clark executed her will, which contained the following provision: "To Robert H. Appleby I give pigs, cows, calves, chickens, all contents of barn, woodshed, laundry, coal in cellar, shop contents and three hundred dollars, furniture in his bedroom if he is living with me at the time of my death, the above list will go for those taken care of my place." The executors delivered to the plaintiff the above property, all of the aggregate value

of $227, and in addition thereto the sum of $270 in
cash, withholding $30 for the inheritance taxes. The
plaintiff at the trial agreed to deduct from the amount
of his claim, $2,640, the amount of his cash legacy plus
the sum of $227, which was the reasonable value of the
articles received by him, and claimed the right to recover
from the estate the sum of $2,113, under the contract.

The defendants offered evidence to prove the follow-
ing facts: Augusta M. Clark was an invalid and for a
number of years unable to supervise the running of her
homestead and care for her premises, which consisted
of the homestead and several acres of land in and
about the same. In October, 1917, she employed the
plaintiff under an agreement that he was to receive for
the care of her premises the sum of $40 per month, and
in addition thereto living accommodations and food
for himself and his wife. From the time of his em-
ployment to October 1st, 1918, the plaintiff received
from Augusta M. Clark $40 a month as his wages, and
free accommodations for himself and his wife in the
house and also free board. On or about October 1st,
1918, plaintiff stated to Augusta M. Clark that he
ought to receive more wages than he was then receiv-
ing, but she refused to agree to pay more. After this
conversation, Augusta M. Clark drew her will and sub-
mitted the draft of the same to the judge of probate
of Old Lyme for his inspection, and at that time stated
to him that the plaintiff had agreed to stay with her
during her lifetime at the rate of wages she was then
paying him, namely, $40 a month. The draft of a will
shown to the judge of probate was subsequently execu-
ted by Augusta M. Clark and it contained a bequest
in favor of the plaintiff of a certain sum of money and
certain personal property, which were delivered to the
plaintiff by the executors and accepted by the plaintiff.
During the term of his employment, the plaintiff per-

formed services for others, for which he received and retained the compensation. The plaintiff remained in the employ of Augusta M. Clark and performed such services as he did perform under the agreement that he was to receive $40 a month.

*Charles Hadlai Hull*, for the appellant (plaintiff).

*Arthur T. Keefe*, for the appellees (defendants).

CURTIS, J. The complaint alleges, and the finding discloses evidence offered by the plaintiff tending to prove a parol contract between the plaintiff and the testatrix, Augusta M. Clark, whereby the plaintiff agreed to render services as caretaker and manager of her homestead until her death and she agreed to compensate him therefor at the rate of $100 per month, of which $40 was to be paid monthly and the balance of $60 per month to be paid by a provision to that effect in her will. In pursuance of this agreement, the plaintiff rendered services from October 1st, 1918, until June 1st, 1922, when Augusta M. Clark died. She paid him $40 for each month's service and although she died testate, made no provision in her will for the payment to him of the $2,640 due him, in accord with the contract, although she left a bequest to him in her will amounting to about $500.

The complaint alleges a valid parol contract for work and labor, payment to become due at her death. It is not an agreement to convey real estate by will, and hence not contrary to the fourth section of the statute of frauds. Nor is it an agreement "not to be performed within one year from the making." "A contract is not within this clause of the statute unless its terms are so drawn that it cannot by any possibility be performed fully within one year"; hence, "a contract which, inherently or by its terms, depends for its continuance

upon a life, is not within the statute." Anson on Contract (Corbin Edition) p. 101, notes.

This action is brought to recover the contract price for the services rendered by the plaintiff, which the defendants' testatrix did not pay for "by a provision to that effect in her will." The defense was that no such contract had been made. The plaintiff sought only to prove and recover under the express contract; he did not seek to recover the reasonable value of the services because of a variance in the proof, under Practice Book, p. 280, § 167. There was, therefore, in the facts claimed to have been proved, no basis for the charge to the jury that the plaintiff, if he proved the contract, was entitled to recover the reasonable value of his services. See Paige on Contracts (2d Ed.) Vol. 3, § 1441; *Hollister* v. *Kinyon's Estate*, 195 Mich. 261, 161 N. W. 962.

Upon the trial, the court erroneously dealt with the contract alleged by the plaintiff as if it were a contract falling within the statute of frauds and hence not enforceable, and charged the jury that if the contract claimed by the plaintiff had been made, the plaintiff could not recover in accord with its terms, if proven, but could only recover the reasonable value of the services rendered in pursuance of it. This was in accord with our rulings where parol contracts are made which are unenforceable because within the provisions of the statute of frauds relating to sales of land. *Schempp* v. *Beardsley*, 83 Conn. 34, 75 Atl. 141; *Hull* v. *Thoms*, 82 Conn. 647, 74 Atl. 925; *Grant* v. *Grant*, 63 Conn. 530, 29 Atl. 15.

The court erred in not charging the jury that, if they found that the plaintiff had proved that the contract alleged was made and performed by him, he was entitled to recover at the rate of $60 per month for the forty-four months of his service after June 1st, 1922.

Nevertheless, the omission to so charge the jury was harmless error, for the charge as given required the jury to render a verdict for the plaintiff for the reasonable value of his services for the forty-four months in question, in excess of the $40 a month paid him, if they found that the contract was entered into. Since the jury found the issues for the defendants, they must have found that the contract, as claimed by the plaintiff, was not in fact made. Under the pleadings and charge, there was no possibility that the jury may have found that the contract was made and that the legacy to the plaintiff equalled or exceeded the reasonable value of the services of the plaintiff for the forty-four months in question in excess of the $40 a month actually paid him. No such issue was presented to the jury by the pleadings or the charge. The defendants did not plead a payment of the plaintiff by the provisions of the will, and the court in its charge did not include any suggestion that would permit the jury to find that, if the reasonable value of the services rendered by the plaintiff less the sums paid him was equal to or less than the value of the bequest to him, their verdict should be for the defendants.

Under the charge, if the jury had found that the contract alleged was in fact made, they were required to render a verdict for the plaintiff for some sum. A verdict for the defendants necessarily therefore disclosed that the jury found that the contract alleged was not entered into.

In view of that finding by the jury, it was harmless error that the court did not properly charge that the plaintiff, if he proved the contract, was entitled to recover the agreed price for his services.

There is no error.

In this opinion the other judges concurred.