NELLIE SPURR ET AL. APPEAL FROM PROBATE (ESTATE OF FREDERICK T. GLADDING).

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 14th, 1932—decided January 3d, 1933.

*William Hanna,* with whom was *William H. Cable,* for the appellant (claimant).

*George E. Beers* and *William L. Beers,* for the appellees (appellants in court below).

Avery, J. Harriet E. Cable presented a claim against the estate of Frederick T. Gladding, late of Danbury, deceased, alleging that she had rendered services to him from September 1st, 1925, to June 1st, 1929, the date of his death, upon a mutual understanding and agreement that he would give her by will the life use and income of his entire property. She further claims that the services, which included board, laundry and nursing, were of the reasonable value of $1900, but she did not receive the promised gift by will.

The matter was first heard by commissioners appointed by the Court of Probate, who allowed the claim in part, and from their action an appeal was taken by Nellie Spurr and George Spurr, Jr., next of kin of the deceased, and legatees and devisees under his will, who alleged in the Superior Court, among other things, that the claimant did receive by will a gift which exceeded the reasonable value of her claimed services. The jury returned a verdict for the claimant which the court, upon motion, set aside, and the claimant appealed.

From the evidence, the jury might reasonably have found that, in 1925, Frederick T. Gladding, the de-

ceased, proposed to the claimant, Harriet E. Cable, who was a niece of his deceased wife, that if she would come to live with and take care of him as long as he lived, he would give her the life use of his property, No. 45 Stevens Street, in Danbury; that, thereafter, she went to his home, October 21st, 1925, and rendered services to him there until his death, June 1st, 1929. The parties conceded that $10 a week was a reasonable sum for such work as had been done by her. He left a will, dated February 15th, 1929, wherein he bequeathed a life use of one third of all his property to the claimant with remainder over to Nellie Spurr and Arthur M. Day, respectively. The first provision of the will directed the payment of his just debts, funeral and testamentary expenses, but added: "I hereby state that at the time of the making of this, my last, will I am not indebted to any person whatsoever, in any amount whatsoever, except to Arthur M. Day, of Danbury, Connecticut." There was no evidence adduced at the trial as to the intention of the deceased in making the provision for the claimant in his will other than such as the law will presume from the will itself. The parties conceded at the trial that the value of Mrs. Cable's life interest in the property was worth more than the value of her services.

The problem in this case may be stated in this way: Services were performed by the claimant under an agreement that the deceased would leave her by will the life use of his real estate. The will, without explanation, gave to her a life use of one third of his estate, being a lesser amount than that promised, but a greater amount than the value of the services actually performed. The theory of the trial court in setting aside the verdict was that as the claimant had received by will property of greater value than the services rendered, she had been fully paid and she

could not maintain an action for the value of her services in addition. The cases of *Reynolds* v. *Robinson,* 64 N. Y. 589, 593, and *Porter* v. *Dunn,* 16 N. Y. Sup. 77, 131 N. Y. 314, 318, 30 N. E. 122, relied upon by the trial court, are not in point. There the services were rendered by the wives of the respective plaintiffs to the deceased persons under agreements that the services were to be paid for by provisions in their wills in favor of the respective wives. The agreements, though oral, were enforcible, as they did not involve payment by the conveyance of an interest in real property. In each case, a sum of money less in value than the services rendered was bequeathed to the wife, and these sums were credited in part payment. In the instant case, the services were rendered under an oral agreement to compensate therefor by the devise of the life use of testator's real estate. This agreement is unenforcible because of the statute of frauds. Under our law, one who has rendered services under an agreement of this character, although an action cannot be maintained to enforce the contract, may maintain an action for the services rendered, and the measure of damages is the reasonable value of the services and not that of the property agreed to be conveyed. *Grant* v. *Grant,* 63 Conn. 530, 543, 29 Atl. 15; *Starkey's Appeal,* 61 Conn. 199, 202, 23 Atl. 1081; *Hull* v. *Thoms,* 82 Conn. 647, 651, 74 Atl. 925; *Schempp* v. *Beardsley,* 83 Conn. 34, 38, 75 Atl. 141. The basic question in this case is whether the provision for Mrs. Cable in the will of Mr. Gladding was intended by him as payment of her claim. The answer to this question must be found in the language of the will read in the light of the circumstances surrounding and known to the testator at the time it was executed. *Union & New Haven Trust Co.* v. *Ackerman,* 114 Conn. 152, 157, 158 Atl. 224. The legal construction

of a document presents a matter of law for the court, even in a jury trial. *Straus* v. *Kazemekas,* 100 Conn. 581, 589, 124 Atl. 234; *Jordan, Marsh & Co.* v. *Patterson,* 67 Conn. 473, 479, 35 Atl. 521. In his will, Mr. Gladding disposed of all his property. He first directed that his just debts be paid, but stated that he was not indebted to any person except Mr. Day. He then gave to Mrs. Cable a life use of one third of his estate. From this, it is clear that, when he made the will, he did not recognize any obligation as existing toward Mrs. Cable; and, therefore, could not have intended to make the provision in her favor in satisfaction of an obligation to her. It follows that the trial court was in error in holding the provision in favor of Mrs. Cable as operating as payment of her claim for services, and in setting aside the verdict of the jury, in her favor, on that ground.

The record indicates that the proceedings which took place after the jury returned their first verdict were not in any degree the basis of the granting of the motion to set the verdict aside. They would not in any event have afforded a sound reason for granting it.

There is error; the cause is remanded to the Superior Court with direction to render judgment upon the verdict.

In this opinion the other judges concurred.