MARGARET FOLEY *vs.* ESTATE OF PETER COGGINS.

HINMAN, BANKS, AVERY, BROWN and JENNINGS, Js.

98

Argued January 7th—decided February 5th, 1936.

*Sully I. Berman,* with whom was *W. J. Shea,* for the appellant (defendant).

*J. Clinton Roraback,* for the appellee (plaintiff).

BANKS, J. The plaintiff presented a claim against the estate of Peter Coggins, alleging that she had rendered services to him between July 2d, 1923, and February 15th, 1933, of the reasonable value of $4980. Commissioners appointed by the Court of Probate disallowed the claim in part, and the Superior Court upon appeal allowed the claim in full with interest. · From the finding, with such corrections as the appellant is entitled to, the following facts appear: The plaintiff was the niece of the wife of Peter Coggins, and in April, 1920, at his request, came to his home with her three children to care for his home and his wife, who was ill at the time, for which he paid her $10 a month and furnished all the provisions and fuel for herself and children. Coggins' wife died in October, 1922. The plaintiff continued to live at his home, and on July 2d, 1923, Coggins conveyed the farm, including the live stock and equipment, to the plaintiff and Peter Guiliani, the hired man on the farm, for

$10,300, $2000 of which was paid in cash, $500 by the plaintiff and $1500 by Guiliani, and a mortgage for the balance of $8300 given by the plaintiff and Guiliani. In the deed Coggins reserved about one acre of land known as the garden plot, and the right to occupy two rooms in the dwelling-house during his life.

The plaintiff, Guiliani and Coggins continued to live on the farm together until June, 1926. Coggins paid no board but insisted on collecting the interest on the mortgage, and the plaintiff and Guiliani made payments on the principal. The plaintiff was preparing to leave, but Coggins told her that he would not let her go, and that if she would remain and take care of him during his lifetime he would leave her the farm and the mortgage when he died. On June 28th, 1926, Guiliani conveyed his interest in the farm and personal property to the plaintiff for $2000 which Coggins paid. The plaintiff stayed on the farm and boarded and took care of Coggins until his death, which occurred February 15th, 1933, at the age of eighty-four. At various times she would ask him for board money, and upon each occasion he would tell her that he would leave her the farm, and that she would have it all, in consequence of which she continued to pay him the interest on the mortgage. From July 2d, 1923, until the date of his death, the plaintiff took care of Coggins, furnished him with food, did his washing and mending, assisted him in dressing, took care of him while he was intoxicated, which was frequently, and assisted in planting and harvesting the crops in his garden, all of which the court found was reasonably worth $10 a week. Coggins in his will, executed the day before he died, left the plaintiff a legacy of $2000.

The defendant pleaded the statute of limitations—

that the plaintiff's right of action for any services rendered prior to February 15th, 1927, did not accrue within six years of the death of Peter Coggins. The plaintiff claimed an oral agreement of Coggins to compensate her for her services in his will. No right of action accrued for the breach of this agreement until his death, when one arose to recover damages measured, not by the value of the property agreed to be left her by will, because no action is maintainable on the oral agreement, but by the value of the services rendered. *Schempp* v. *Beardsley,* 83 Conn. 34, 38, 75 Atl. 141.

The defendant contends that the plaintiff cannot base her right to recover upon an agreement to recompense her by will since she has not alleged such an agreement. The ground of the plaintiff's action is not the alleged promise of Coggins to make a will in her favor. The claim presented against his estate was expressly for services rendered at his request. The plaintiff did not claim to recover on the promise as an enforceable contract, but upon a quantum meruit. The promise of compensation served no purpose material and important in the plaintiff's case, except to overcome the defense of the statute of limitations. It could be considered by the commissioners and by the court though not set out in the plaintiff's statement of her claim. *Downey* v. *Guilfoile,* 96 Conn. 383, 385, 388, 114 Atl. 73. Furthermore, it does not appear that it was claimed in the court below that the plaintiff's claim was barred by her failure to allege a promise to pay by will in her statement of claim.

The defendant claimed upon the trial that when a close family relationship exists the court should closely scrutinize evidence of an agreement to compensate services rendered the deceased, that in such case there is no implied agreement to compensate, and that the

plaintiff must affirmatively show either an express contract to pay or that the circumstances were such as to give rise to a reasonable and proper expectation that there would be compensation. The plaintiff did not rely upon an implied agreement to compensate her but offered proof of an express agreement, and it does not appear that the trial court failed to scrutinize closely the evidence that such an agreement existed.

The claimed agreement was that Coggins would compensate the plaintiff by leaving her the farm and the mortgage. At the time of his death she already owned the farm, subject to the mortgage, with the exception of the garden plot of about an acre. The will gave her a legacy of $2000, stated in the will to be the sum loaned to her by the testator, and which was the amount that Coggins paid to Guiliani, apparently on her behalf, at the time she received the conveyance of Guiliani's interest in the farm. The amount which the plaintiff is entitled to recover is the reasonable value of the services rendered and not that of the property agreed to be conveyed. *Spurr's Appeal*, 116 Conn. 108, 111, 163 Atl. 608. The defendant's present claim, that in computing the amount of compensation to be allowed the court should have deducted the amount of the plaintiff's legacy in the will, was not apparently made in the court below. If it had been, it could not be said, upon the facts found, that the trial court was obliged to find that the testator intended this provision in his will as payment, in whole or in part, of the plaintiff's claim. *Spurr's Appeal*, supra.

There is no error.

In this opinion the other judges concurred.