PHOEBE LEWIS, ET ALS, APPEAL FROM PROBATE

ESTATE OF ANNA J. E. ENO

Superior Court      New Haven County      File #49268

Present:   Hon. ALFRED C. BALDWIN, Judge.

Bronson, Rice & Lyman,
William F. Healey,              Attorneys for the Plaintiff.

FitzGerald, Foote & FitzGerald,
H. E. Drew,                     Attorneys for the Defendant.

## MEMORANDUM FILED APRIL 9, 1936.

BALDWIN, J.   Anna J. E. Eno died December 30, 1932, leaving a will which was executed December 22, 1914, which will was admitted to probate in the Probate Court for the District of Derby, in which Court her estate is now in process of settlement.

She left surviving a husband, the appellee Frank C. Eno, to whom she was married subsequent to April 20, 1877.   She was not survived by any child nor the representative of any child, her marriage being a childless marriage, and there was no adoption by her, nor did she leave any parent surviving.

In her will she made provision for her surviving husband which provision he has duly renounced by his election to take of her estate under the statute.

In the twenty-third paragraph of her will she made bequests to several cousins, among them, one Mary E. Seeley, who pre-deceased Anna J. E. Eno by several years and who left no issue.   As this bequest to Mary E. Seeley was a portion of the property devised and bequeathed in the residuary clause of Mrs. Eno's will, it became, by reason of the death of Mary E. Seeley, leaving no issue, before the death of Mrs.

Eno, the testratrix, intestate estate. **Shannon vs. Eno, 120 Conn. 77 at page 97.**

The Probate Court found that Frank C. Eno, the surviving husband and the appellee herein, was the sole surviving distributee of this intestate estate and directed distribution thereof to him. The appellants, who are cousins of the testratrix and next of kin, claim, as such, the right of distribution to them of this intestate estate and that the Probate Court was in error in directing distribution to the surviving husband.

The law is well settled in this state that where a surviving spouse elects to take the provision made for such spouse under the will of the deceased spouse the surviving spouse is limited as to what such spouse shall take to the provision made in the will and is precluded from the right to receive any portion of the estate under statutory provision. **Stearns vs. Stearns, 103 Conn. 213 (and cases cited).** Is not the converse of this proposition true? When a surviving spouse renounces the provision of the will of his deceased spouse, does he not take of such estate not only the life use of one-third, but such other of the estate, under the statute directing distribution of intestate estate as such statute may apply to him?

Had Anna J. E. Eno died without a will—intestate as to all of her property—being childless and without a parent surviving, the appellee would have taken her entire intestate estate under the statute. Has not our Legislature directed the disposition of intestate estate? If the whole, why not a part?

Anna J. E. Eno made her will December 22, 1914. She deceased eighteen years after execution of her will—December 30, 1932, and it appeared in argument that Mary E. Seeley deceased many years before the testratrix. It is to be presumed that she knew of the death of this benficiary and the effect of that upon the bequest she had made for her.

"It frequently happens that legatees die during the lifetime of the testator. The testratrix could have provided for such a contingency by giving it to the survivors, or to other parties. She did neither. There is therefore some presumption that she intended that the law should settle the matter. That presumption is strengthened by the facts that she had an opportunity to change her will after one or more of the legatees had died and failed to

do so." **Hartford-Connecticut Trust Co. vs. Lawrence, 106 Conn., 178 at page 187; 138 Atl. 159. Bill vs. Payne, 62 Conn. 140, 142; 25 Atl. 354,**

Pursuit of the authorities for assistance in determination of the question here presented reveals varying views. Reason, however, is found, largely, in the varying provisions of statutes in the different jurisdictions.

I am of the opinion that our Legislature has intended that intestate estate, under circumstances such as exist in this case, should go to the surviving spouse, and that this testratrix, having neglected for many years to make other provision for the disposition of this bequest which became intestate, was not only content but desired it to go to the appellee.

Judgment may be entered for the appellee confirming the decree of the Probate Court and dismissing the appeal.