## MARJORIE C. GLOVER v. JAMES R. SHELDON

SUPERIOR COURT    FAIRFIELD COUNTY    FILE NO. 71738

Memorandum filed July 6, 1946.

*Marsh, Day & Calhoun,* of Bridgeport, for the Plaintiff.

*Hirschberg, Pettengill, Stong & Deming,* of Greenwich, for the Defendant.

KING, J.   The first count of the complaint alleges, in effect, that the parties were married in 1917 and divorced in 1940, and that each has subsequently remarried; that the plaintiff claimed payment by the defendant for expenses incurred in the support and education of the children of the marriage; that the amount so expended was in dispute and the parties on August 16, 1945, "entered into an oral agreement to settle said claim for the sum of $25,000, payable $10,000 immediately, $10,000 in the year 1946 and $5,000 in the year 1947"; and that no part of the first instalment has been paid.

The defendant has demurred on the ground that it appears from the allegations of the first count of the complaint that the agreement is one which does not comply with the Statute of Frauds because it cannot be performed within one year.

The plaintiff claims that the demurrer must be overruled because the defense of the Statute of Frauds must be raised by a denial under § 104 of the Practice Book.

In the first place it should be noted that the language of § 104 is not mandatory or exclusive but permissive.  It states that "advantage may [not must] be taken, under a simple denial, of such matters as the statute of frauds."

A demurrer may properly be used to raise the question of the Statute of Frauds "when it appears from the pleadings that it will be impossible for a party alleging an agreement required by the statute to be in writing to offer any competent evidence of the existence of the necessary memorandum."   *DiBlasi* v. *DiBlasi,* 114 Conn. 539, 542.

In the present case, it is obvious that the agreement in question in its nature cannot be performed within one year. *Hall* v. *Solomon,* 61 Conn. 476, 484; *Appleby* v. *Noble,* 101 Conn. 54, 57. It is therefore within the ban of the Statute of Frauds (General Statutes, § 5982) as an "agreement that is not to be performed within one year from the making thereof."

Here it is alleged that the parties orally agreed. This is inconsistent with any written argement. It is not, however, inconsistent with an oral agreement of which there is a written memorandum signed by the party to be charged. At the trial such a written memorandum may be produced. *Jacobson* v. *Hendricks,* 83 Conn. 120, 124. For this reason the demurrer must be overruled.

It is, therefore, unnecessary to consider the question of part performance, although it is quite obvious from the date of the complaint, the claims for relief and paragraph 10 of the first count that there has been no part performance at all. *Harmonie Club, Inc.* v. *Smirnow,* 106 Conn. 243, 247.

The demurrer is overruled.