FREDERICK N. SPERRY v. FREDERICK M. MCCARTHY, EXECUTOR (ESTATE OF ROYAL W. PINNEY)

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 63339

Memorandum filed June 23, 1947.

*Joseph B. Morse*, of New Haven, for the Plaintiff.

*David M. Reilly*, of New Haven, for the Defendant.

QUINLAN, J. Some suggestion was made by one of counsel that decision be somewhat deferred. That has been done. The plaintiff's high standing and long and wide activities cause me to pay less attention to the effects of lack of corroboration and expert testimony on damage than ordinarily. But even with indulgent approach the situation in hand is distinguishable from our Connecticut cases cited, *Bartlett* v. *Raidart*, 107 Conn. 691, *Spurr's Appeal*, 116 Conn. 108, and *Yantz* v. *Dyer*, 120 Conn. 600.

This is not a case where strangers were involved, nor one where a promise to pay was made, nor one where there was a complete failure to remember by will after a promise so to do. Consequently, there is the setting neither for an express nor an implied contract.

The plaintiff was a long-time social and professional friend of the deceased, and professional men, on such terms particularly, are usually happy to aid a brother in the profession. A substantial provision was made in the deceased's will of a percentage of the residue in favor of the plaintiff. The deceased had no way of anticipating the inroads which litigation and administration might make on such a residue. But it does not follow that disappointment over the result, although already resulting in a very substantial payment to the plaintiff, gives rise to a right of recovery. I am mindful of course of the presumption surrounding a bequest without provision for payment of services, but all the circumstances negate either an expectancy of payment or intention on part of deceased to pay for them. It is significant also that at the time of the conservatorship the plaintiff presented no bill for services.

Judgment for the defendant with costs.