## THELMA BELL v. WALLACE B. BELL

COURT OF COMMON PLEAS    NEW HAVEN COUNTY    FILE No. 40267

Memorandum filed December 29, 1948.

*Robert J. Woodruff*, of New Haven, for the Plaintiff.

*Herman D. Silberberg*, of Ansonia, for the Defendant.

FITZGERALD, J.  Plaintiff and defendant are wife and husband who have separated before this action was commenced. Under the third count of her complaint the plaintiff seeks a declaratory judgment settling her rights "as the owner of an equitable interest" in certain land standing in her husband's name, and an order requiring him to convey to her a "proper interest in said land." Passing reference to the declaratory judgment aspect will be made hereinafter.

The defendant demurs to this count on the ground that it does not appear that there was any written memorandum between the parties or other compliance with the Statute of Frauds.

The rule which obtains in this state is that "The defense of the statute of frauds may be raised upon demurrer when it appears from the pleadings that it will be impossible for a party alleging an agreement required by the statute to be in writing to offer any competent evidence of the existence of the necessary memorandum, and in such case the pleading making such allegation will be held insufficient upon demurrer." *DiBlasi* v. *DiBlasi*, 114 Conn. 539, 542; and see *Glover* v. *Sheldon*, 14 Conn. Sup. 271, 272.

The third count contains allegations which tend to invoke the doctrine of part performance within the rule laid down in *Harmonie Club, Inc.* v. *Smirnow*, 106 Conn. 243, 249. Hence the plaintiff has laid the foundation for admissible proof at the trial under these allegations. But that apart, the demurrer admits facts well pleaded. *Hardy* v. *Scott*, 127 Conn. 722, 723. Accordingly, this count should not at this time become deleted by a sustaining of the interposed demurrer. Generally speaking the overruling of a demurrer does not harm a defendant. *Railway Express Agency, Inc.* v. *Goodman's Express Corporation*, 129 Conn. 386, 387.

At the argument on the demurrer the court called attention to the fact that the prayer for declaratory judgment is cognizable only in the Superior Court. See General Statutes (Rev. 1930) § 5334. The recital of this prayer could be subject to attack by the defendant or at the trial struck out by the court suo moto. While the latter action could be taken by the court at this time it is considered that opportunity should be given the plaintiff at this stage to amend.

For reasons stated the demurrer is overruled.