HELEN M. PERKINS v. RICHARD F. CORKEY, EXECUTOR
(ESTATE OF ALICE M. CHAPMAN)

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued February 2—decided March 15, 1960

*Charles A. Watrous,* with whom was *William P. Simon,* for the appellant (defendant).

*William J. Willetts,* with whom were *William H. Shields* and, on the brief, *Griswold Morgan,* for the appellee (plaintiff).

KING, J. The plaintiff, after proper presentation of a claim to the defendant as executor of the will of Alice M. Chapman, brought this action to recover the reasonable value of miscellaneous services rendered to the decedent during the last ten years of her life at her request and upon her promise to pay "the reasonable value thereof by will." In the will, which had been executed only about three months before the testatrix' death, the plaintiff was bequeathed a diamond ring which was not found, could not be inventoried, and consequently was not received by the plaintiff, together with a one twenty-third interest, worth about $1500, in the residuary estate. The last promise by the decedent to pay the plaintiff was, according to the plaintiff's claim, at least four months prior to death. The case was tried to the jury, and from a verdict and judgment for the plaintiff in the amount of $7950 the defendant appeals.

The court charged that the plaintiff had the burden of proving the essential elements of her cause of action by a fair preponderance of the evidence and explained that in cases of this type, involving claims against a decedent's estate for services rendered, "clear and satisfactory proof" is required as to whether there was a mutual understanding or agreement to pay at all and, if so, as to how much was due the plaintiff. The defendant's claim that there was confusion, contradiction and inconsistency in this portion of the charge is without merit. *Doyle v. Reeves,* 112 Conn. 521, 528, 152 A. 882. Much of it was quite obviously taken from *Yantz v. Dyer,*

120 Conn. 600, 603, 181 A. 717. Here the plaintiff was neither a relative nor a member of the decedent's household, and she did not have to overcome an inference that the services rendered were gratuitous. *Cotter* v. *Cotter,* 82 Conn. 331, 332, 73 A. 903; 2 Locke & Kohn, Conn. Probate Practice §§ 509, 510. Nor was this a claim for extra compensation by one regularly employed by the decedent and paid a fixed wage, as was the case in *Leahy* v. *Cheney,* 90 Conn. 611, 614, 98 A. 132. The charge as given, except for the omission of some argumentative matter, substantially complied with the defendant's requests to charge on our "clear and satisfactory proof" rule. Since the requests themselves failed to give any definition of "clear and satisfactory proof," there was no error in the court's failure to define that phrase. *Graybill* v. *Plant,* 138 Conn. 397, 400, 85 A.2d 238; *Taylor* v. *Corkey,* 142 Conn. 150, 153, 111 A.2d 925.

The decedent inserted in her will this clause: "Eleventh: I declare that I have no debts at the present time, and that I have paid and discharged all obligations for any and all services or kindness rendered to me by any person or persons." The clause was reinforced by oral testimony of the defendant, who was also the draftsman of the will, that the decedent told him during the preparation of the will, "I don't owe anyone but the paper boy." The will, in the first clause, contained the usual, although wholly unnecessary, direction to the executor "to pay all my just debts." One claim of the defendant was that even if the decedent did make the promise as claimed, the provisions in the will fully paid for the fair value of whatever the plaintiff did and, in any event, should be applied as a credit if the jury found that the reasonable value

of the services rendered exceeded the value of the provisions. We note in passing that the defendant did not plead payment of the plaintiff by the provisions of the will. See Practice Book § 102; *Appleby v. Noble,* 101 Conn. 54, 59, 124 A. 717. The court charged that since the decedent, in the will itself, denied being indebted to the plaintiff or anyone else, it was clear from the language of the will that she did not recognize any obligation as existing and therefore could not have intended the provisions in the will to be satisfaction, in whole or in part, of an obligation to the plaintiff; and that as matter of law the bequests given the plaintiff in the will did not operate as payment, in whole or pro tanto, of her claim for services. To this the defendant excepted. The court's charge on this point apparently was taken from *Spurr's Appeal,* 116 Conn. 108, 111, 163 A. 608.

The construction of the language of a will, even in a jury case, is for the court. Ibid.; *Libero v. Lumbermens Mutual Casualty Co.,* 143 Conn. 269, 274, 121 A.2d 622. Parol evidence is not admissible to prove an actual intent, as a state of mind, which contradicts or alters the intent expressed in the will by the language used. Nor is parol evidence admissible to supply an intent not expressed in the will. *Hatheway v. Smith,* 79 Conn. 506, 519, 65 A. 1058; *Stearns v. Stearns,* 103 Conn. 213, 220, 130 A. 112; *Beardsley v. Merry,* 136 Conn. 573, 576, 72 A.2d 829; *Morehouse v. Bridgeport-City Trust Co.,* 137 Conn. 209, 216, 75 A.2d 493; *Hoenig v. Lubetkin,* 137 Conn. 516, 519, 524, 79 A.2d 278. This is true even though the court construes the language of the will in the light of the circumstances surrounding the testatrix and known to her at the time the will was executed. *Spurr's Appeal,* supra. A charge must be tested by

the finding. Practice Book § 385; *State* v. *Tryon,*
145 Conn. 304, 307, 142 A.2d 54. Here, the finding
discloses no claims of proof of circumstances which
could affect the construction placed on the language
of the will by the court in the charge as given. See
*Foley* v. *Estate of Coggins,* 121 Conn. 97, 101, 183
A. 25; *Beardsley* v. *Merry,* supra; *Morehouse* v.
*Bridgeport-City Trust Co.,* supra; *Hoenig* v. *Lubet-
kin,* supra; *Mills* v. *Roto Co.,* 104 Conn. 645, 648,
133 A. 913. Quite apart from any lack of a pleading
of payment, the charge was not erroneous. *Spurr's
Appeal,* supra.

The defendant complains of the court's failure to
give a charge, requested by him in writing, to the
effect that if the jury found that the plaintiff agreed
to serve the decedent until her death but without
justification failed to serve that long, the plaintiff
could recover nothing. Even if we assume, as does
the request, that the claims of proof would support
a finding by the jury of a contract by the plaintiff
to serve the decedent until her death, a point we do
not and need not decide, the charge requested still
would not be warranted. While the finding discloses
a claim of proof by the plaintiff that she stopped
rendering services to the decedent about eight
months before the latter's death, there is nothing to
indicate that the plaintiff refused to serve the dece-
dent during the last eight months, or that the dece-
dent, during that period, requested, or attempted to
request, the plaintiff to perform any services, or
that for any other reason there was an unjustified
failure to serve.

The claim that the verdict is against the evidence
is based on the theory that corroboration was, as
matter of law, essential under the "clear and satis-
factory proof" rule. In the first place, this is not

the law. *Flynn* v. *Hinsley*, 142 Conn. 257, 262, 113 A.2d 351; *Costello* v. *Costello*, 134 Conn. 536, 541, 59 A.2d 520. And, in any event, there was, in fact, a considerable amount of corroboration.

There is no error.

In this opinion the other judges concurred.