[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff by her motion to strike has questioned whether the defendant is entitled by special defense to raise the right to reduction of damages awarded by the jury by subtraction of payments to the plaintiff from collateral sources. The plaintiff concedes that provisions of Section52-225a(b) (Tort II) provide that after the jury awards damages and finds a plaintiff's verdict, but before the court enters judgment, the court shall receive evidence about the total net proceeds of collateral sources which are not subject to rights of subrogation, and then enter judgment for the amount of the verdict, less such collateral source payments already made. The plaintiff claims, however, that it should not be pled as a special defense. She reasons that such payments do not impact 1, on the degree of liability to be determined by the jury and do not relate to any actions to be taken by the injured party to mitigate damages. These payments will affect the amount of the judgment however. Because our practice rules do not forbid pleading even what is not required, the motion must be denied. CT Page 4241
The defendant contends that: (1) Practice Book 168 permits the pleading of a set off in its answer; (2) the jury will not be prejudiced because pleadings are no longer required to be sent in to the jury with the evidence during deliberations, and (3) Connecticut General Statutes Sections52-225a and 52-225b entitle defendant to the set offs pled in its special defense. Her first contention is unavailing. "Set off arose by statute in England in 1729. As modified and adopted in this country, it allowed the setting off of mutual contract debts of the defendant and the plaintiff." (emphasis supplied) Nickerson v. Martin, 34 Conn. Sup. 22. There is no contract here between the plaintiff and defendants and no allegation in the pleadings of any mutual contract debt. Therefore, despite defendant's contention, the credit provided for collateral sources is not technically a "set off" and does not come within the scope of Rule 168 requiring set offs be pleaded specially.
The court agrees with the defendant's assertion that even if the collateral source payment credit on any judgment is specially pled, it will not prejudice the jury because it will never be submitted to them.
The collateral source credit rule requires the judge to reduce the economic damage portion of any award by the amount of collateral source payments. Connecticut General Statutes52-225a(a)(b)(c).
The statute then goes on to require the court to receive evidence from the plaintiff "claimant" and "other persons" about the amounts of such collateral source payments and the amount of any necessary legal expenses expended in obtaining them.
While it is clear that no judgment can enter for the plaintiff until any collateral source payment is netted off the verdict amount, the law is hardly certain regarding who has the burden of going forward with proof as to these sources and credit.
Where a defendant chooses to bring certainty to an uncertain legal procedure and to place the court on notice by filing a special defense and clearly assume the burden of proof, no harm is done to the plaintiff and the interests of justice are better served.
The premise of plaintiff's motion to strike is that the collateral source credit could be raised by the defendant after the verdict even if it were not specially pled and that because it need not be specially pled to be asserted, it should be CT Page 4242 struck as not legally sufficient. The minor premise that because it need not be specially pled, it must be struck, is faulty.
Although under Tort II, the judge determines the amount of the judgment after setting off any net collateral sources against the verdict amount, there is no legal impediment or insufficiency to the defendant specially pleading the right to such a credit.
The defendant has a right to plead her case in her own way unless that way is forbidden by a rule of practice, Miller v. President Directors of Hartford Retreat, 4 Conn. Sup. 382.
The provisions of Practice Book Section 164 providing that "advantage may be taken under a simple denial, of such matters as the statute of frauds [etc.] . . ." is permissive not mandatory.
A defense which a party might have to paying the full amount of the verdict as a judgment can be specially pled by a defendant even if our highest court should eventually decide that such a special pleading was not necessary to raise it. This is so because our civil procedure has always permitted a party to a law suit to raise by special defense what might have also been asserted by a mere answer to the complaint. Rule 164 of that procedure does not forbid the pleading by special defense of what it does not require to be pled by special defense. See, Glover v. Shelton, 14 Conn. Sup. 271.
The Motion to Strike is DENIED.
FLYNN, J.