[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PROTECTION FROM FORECLOSURE AND OBJECTION THERETO
The plaintiff instituted the present action seeking to foreclose a mortgage based upon the nonpayment of the principal and interest due under the mortgage note. The defendant, Mary C. Wheat, filed an Application for Protection From Foreclosure pursuant to General Statutes 49-31d et seq. claiming that she and her husband are unemployed persons as defined in the statutes in that they are both elderly and suffering from illness which has left them unable to seek employment of any kind. The financial affidavits submitted with the application has been supplanted by a subsequent financial statement indicating that the defendants have CT Page 6710 approximately $3,500.00 per week in trust income and $387.00 per week in rental income. The plaintiff has filed an objection to the application asserting that the defendants are not unemployed persons within the meaning of our statutes.
Under General Statutes 49-31d, "`Unemployed person' means a person who is unemployed for purposes of Chapter 567." (i.e. Unemployment Compensation). The application filed by the defendants indicate clearly that the plaintiffs are unfit for employment and not looking for employment and are too ill to seek employment. The question presented is, therefore, whether individuals in the position of the defendants are eligible for protection from foreclosure pursuant to our statutes.
Words utilized in a statute are to be construed according to their commonly approved usage. Cos Cob Volunteer Fire Co. No. 1, Inc. v. FOIC, 121 Conn. 100, 105 (1989). Thus, the words "unemployed person", standing alone, would be interpreted in accordance with the commonly understood meaning of those words and would therefore include individuals in the status of the defendants. However, the statute in question limits the use of the word "unemployed" by adding thereto the phrase "for purposes of Chapter 567." "In construing statutes, no word or phrase should be treated as superfluous." Wilcox Trucking Inc. v. Mansour Builders, Inc., 20 Conn. App. 420, 424 (1989). The limiting phrase, therefore, must be given some effect.
"Employment" as used in Chapter 567 envisions the existence of a relationship of an employer and employee. General Statutes 31-22
(a)(1)(A). Under our Unemployment Compensation Act eligibility for benefits involves the availability for work and reasonable efforts to obtain work. See, General Statutes 31-235 (a)(2) and General Statutes 31-2321 (a)(1) and (2). The legislative history of the statutes relating to protection for foreclosures is not particularly helpful but it does indicate that the statutes provide for a moratorium for "unemployed workers." 26 H.R. Proc., Pt. 25, 1983 Sess., p. 256.
Accordingly, the court holds that the reference to the Unemployment Compensation Statutes in the definition of "unemployed person" indicates that the defendants are not within the category of unemployed persons to whom protection from mortgage foreclosures is applicable. The court therefore denies the application for protection from foreclosure.
RUSH, J. CT Page 6711