[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT
The plaintiff, Emily Miller, brings this action against the defendant, Robert Testa, Executor of the Estate of Theodore Testa. The plaintiff is the step-daughter of the decedent, Theodore Testa. She claims he orally promised to bequeath to her part of his estate if she rendered services to him and his wife, Vera Testa, who is also plaintiff's mother, during his lifetime.
Vera and Theodore were married in 1984. Beginning in 1992, the plaintiff assisted with her mother's care in her day to day living. Thereafter, she also assisted Theodore. The plaintiff visited their house several days a week during the years 1992 and 1993. She did household chores, moping, vacuuming, cleaning and laundry. When Vera became ill in 1993, she took her home and cared for her there until she went into a convalescent home in June, 1994. Vera is still at the convalescent home at this time. Theodore died on February 14, 1995.
In the years 1993, 1994 and early 1995, the plaintiff continued to visit and assist Theodore two or three times per week.
The plaintiff claims that he promised to repay her for taking Vera to appointments and helping with the household CT Page 3520 bills in the spring of 1993 and again in the spring of 1994.
 "Did he make any promises to you during that period of time?" (March, April, May, 1993.)
 "Yes. We discussed her needs and we discussed more so his household bills that he could not pay for some of those, and that he looked to me to start helping to pay them."
 "Did he make any promises to you during that time period?"
 "Only that if I took her to her appointments and helped her, that someday he would try to repay me. But that he couldn't touch his savings." (Transcript, p. 35 lines 20-24.)
In the spring of 1994, he also promised to pay for services.
 "Did he make any promise to you at all about that time (Spring 1994) concerning his needs . . ."
 "Yes. That he would pay me back . . . He had a hard time paying his bills. He would pay me back someday, but also that he would try to leave me in his will like he stated." (Transcript, p. 46 lines 7-12.)
 "I show you plaintiff's number 1, and ask you to identify that."
"September '94."
"Just tell us what it is, it speaks for itself."
 "Teddy told me this would be a promise in his will to leave me some money, and he specified it would be in bonds." (Transcript, p. 47 lines 21-27.)
Plaintiff's exhibit 1 is a letter signed by Theodore, dated September, 1996 purporting to give the plaintiff nine bonds valued at $1,000 each. She has possession of the bonds but is unable to cash them because they were not endorsed by CT Page 3521 Theodore and were joint with Vera. She was given the bonds in early 1995.
The defendant, Robert Testa, is the son of Theodore. He claims that Theodore never told him that he made any promises to leave anything to the plaintiff in his will, nor to pay her for any services she might have been performing.
In the late fall of 1993, Theodore changed his will. Robert discussed the changes with him paragraph by paragraph, using the old will as a reference. He never indicated he wanted to leave anything to the plaintiff. Theodore was not on speaking terms with the plaintiff and complained about her visits, but couldn't stop them. (Transcript, pp. 96-98.)
Robert also testified that from October, 1994 until February, 1995, a visiting nurse and home health aid provided services to Theodore several times a week. Others besides the plaintiff also assisted him. Robert also testified that the decedent didn't want the plaintiff to have access to his assets, and put Robert's name on his accounts.
Robert also claims that no amount of compensation was ever discussed between Theodore and the plaintiff.
In order for the plaintiff to recover she must prove by clear and satisfactory proof that the services to the decedent were rendered on a promise to pay. This has been defined as "clear, satisfactory and convincing" proof. That is a proof more than the preponderance of the evidence, but less than beyond a reasonable doubt. Perkins v. Corkey, 147 Conn. 248
(1966); Lapino v. Haines, 185 Conn. 527 (1981).
Based upon the standard of proof required, the court finds that the plaintiff did provide services to Vera before she entered the nursing home in 1994. She also provided some services to Theodore, but not as much as she claims. In 1993, from September of that year until Vera entered the nursing home, she lived with the plaintiff. Plaintiff's care of Theodore was minimal from March, 1993 until June, 1994. Thereafter, in 1994 and until his death in 1995, the plaintiff did visit Theodore to some extent, but against his wishes according to the defendant. In addition, other people also assisted in the care of Theodore several times a week. CT Page 3522
The court also finds that plaintiff failed to meet her burden of proof that there was a promise on the part of Theodore to pay her for her services. The testimony quoted above in this decision reflects that she paid certain bills which Theodore would "try to repay." All of the discussion related to repayment of bills rather than for payment for services.
The court finds that the only promise to pay her for her services is found in Exhibit 1, the letter dated September, 1994.
Accordingly, the court finds that there was a promise to pay her the $9,000 in bonds in accordance with the letter. The court finds there was no other promise to pay for her services.
The court, therefore, finds for the plaintiff in the matter of the nine $1,000 bonds and in favor of the defendant on all other issues.
Hurley, J.