APOLLOS W. HARRISON AND OTHERS *vs.* HORACE BELDEN
AND ANOTHER.

A testator bequeathed the use of certain bank stock to his widow for life, and
after her death to M. his daughter, and provided that B. should be trustee of
all the property given to M. until she should become twenty-six years of age.
B. was also made executor of the will, but declining to accept the office, was
appointed by the court of probate administrator with the will annexed.
After M. had reached the age of twenty-six, she, with her husband and the
widow, brought a petition in chancery against B. praying that he be com-
pelled to pay over to the widow sundry dividends on the stock received and
retained by him, and transfer the stock to the petitioners or some of them, on
proper bond being given for the security of the life interest of the widow, he
having refused to pay over the dividends or transfer the stock, claiming
to retain the former for certain expenses incurred in managing the estate.
Held, that, besides the misjoinder of the petitioners whose interest was not
common, 1. there was no equity in the claim of M., she having no right to
the stock until her mother's death, and therefore not being affected by its
detention by B.; and the expiration of the trust as to her, in consequence of
her reaching the specified age, in no manner affecting the trust devolving on
B. as administrator in favor of the widow during her life: 2. nor any equity
in the claim of the widow, her right to the dividends retained, if a present
right as alleged, being a legal one, to be enforced by an action at law; and
the transfer of the stock prayed for, requiring the appointment of a new
trustee, since it could not properly be made to all the petitioners, they having
no common interest, nor to any one of them alone, as all had interests to be
protected, and no reason being shown why a new trustee should be ap-
pointed.

THIS was a petition in chancery, brought by Apollos W.
Harrison and Margaret Louisa, his wife, and Margaret C.
Belden, against Horace Belden and Henry Keney, adminis-
trators with the will annexed of the estate of Thomas Bel-
den, praying that the respondents be ordered to transfer to
the petitioners, or to some of them, thirteen shares of the stock
of the Farmers and Mechanics' Bank, belonging to the estate,
and pay over certain dividends thereon, received by them.

Thomas Belden died in 1841, leaving the said Margaret
C. Belden, his widow, and among other children the said
Margaret Louisa. The stock in question he gave to the
widow and the said Margaret Louisa, by the first clause of
his will, in the following terms. "I give my wife, Margaret
C. Belden, the use and improvement, during her natural life,

of thirteen shares in the Farmers and Mechanics' Bank of Hartford, and at her decease I give the same to my daughter Margaret Louisa Belden forever." By the seventh item of his will he gave a large amount of real estate, with ten shares of stock of the Phœnix Bank, to the said Margaret Louisa for life, with sundry directions as to the management of the property. The last clause of the will, after appointing the respondents executors, proceeded as follows: "and I do hereby nominate and appoint Horace Belden and Henry Keney, trustees of the estate of my daughter, Margaret Louisa Belden; who I trust and hope will conduct it in a careful and prudent manner, and in the way pointed out in No. 7 of this instrument; and said trustees are to have the sole custody and control, for the purposes aforesaid, of the property herein bequeathed to my daughter Margaret Louisa, until she shall arrive at and be of the age of twenty-six years."

The respondents declined the executorship, but were appointed administrators with the will annexed, and from the time of their appointment till the time of trial had held possession and control of the stock in question, taking the dividends and from time to time paying them over to the widow. The said Harrison, in January, 1854, was appointed conservator of the said Margaret C. and was a party plaintiff to the petition, both in his private capacity and as such conservator. Since his appointment the dividends on the stock had been collected by the respondents, who refused to pay them over to him as such conservator on their being demanded, claiming a lien thereon for an unsettled account of expenses incurred in the management of the property. The said Harrison had also demanded a transfer of the stock to the petitioners or to some of them, which the respondents had also refused. The said Margaret Louisa became twenty-six years of age in February, 1850. The petition was brought on the 22d day of November, 1854.

The stock in question had been distributed by the court of probate to the said Margaret C. for her life, and to the

respondents in trust for the said Margaret Louisa after the death of the said Margaret C.

On these facts the case was reserved for the advice of this court.

*T. C. Perkins,* for the petitioners.

1. The respondents should be compelled to transfer the stock. They can not claim to hold it as trustees for Mrs. Harrison, for the trust ceased as to her when she became twenty-six years of age; nor as trustees for the widow, for the will does not make them trustees for her except so far as a trust may be incidental to their administratorship; and if as administrators they were originally clothed with a trust for her, their powers ceased when the stock was distributed to her by the court of probate. They can not claim that they must hold the legal title to the stock to protect the remainder interest of Mrs. Harrison, for Mrs. Harrison is a party and requests the transfer; nor to protect the life estate of Mrs. Belden, for she is here in court and requests the transfer. And they can not object that the transfer can not properly be made to any one of the petitioners alone, or to all of them together, since no objection can be made to any transfer whatever that all the parties in interest concur in requesting. It can not be said that the trustees have personal duties and obligations in the matter, since all these are removed by the concurrence of all parties interested in requesting the transfer. Every one of these parties would be estopped from claiming hereafter that the trustees had acted improperly. It is a matter of indifference to us to whom the transfer shall be made, and the court can order it made to such person as shall in the circumstances be deemed best.

2. They should be compelled to pay over the dividends retained by them. The right of Mrs. Belden to these dividends can not be questioned. But it is said that for this very reason we are not entitled to relief here, as we have a legal remedy. If this were a mere trust created by law, as in every case where one man holds money for the use of

another, the objection would be valid. But here the respondents claim to be trustees, and it is the province of a court of chancery to compel a trustee to do his duty. Besides, they claim to have an unsettled trustee account, and to hold these dividends for the purpose of reimbursing themselves for money paid out, and to compensate themselves for their services as trustees. If this is so, it is in the highest degree proper that the matter should be brought into a court of chancery, that the trustee account may there be settled and the court ascertain what amount they shall be allowed to deduct from the money in their hands, and how much they shall pay over.

3. If it be said that the petitioners have diverse interests, and no common equity, we say that so far as they are claimed to be misjoined, it is too late to make the question, and that, so far at least as the transfer of the stock is concerned, a concurrent request from the petitioners was indispensable to make the transfer proper. It was necessary that all the petitioners should be before the court, and since the object sought is common to them all, there is no objection to their all appearing as petitioners.

*Chapman* and *Fellowes*, for the respondents.

1. The plaintiffs have no equity entitling them to a transfer of the stock. 1st. Mrs. Belden is not so entitled, because she has no right to any thing but the dividends, for her life. To transfer the stock to her, would give her more than her right. Besides, it would enable her to transfer the entire stock and destroy the estate in remainder. 2d. Mr. Harrison as conservator has no right to any thing except the care and disposition of the dividends. His office as conservator does not constitute him trustee, and does not give him any equity. 3d. Mrs. Harrison is not so entitled, because her rights are limited to the estate in remainder. To transfer the stock to her, would enable her to convey it and destroy the life estate. 4th. But it may be said that since both the parties interested desire the transfer, this gives them an equity. It is a sufficient answer to say that the desires of the parties do not con-

stitute an equity. If the testator, in so many words, had conveyed the stock to the defendants in trust, to pay the dividends to his wife for life, remainder to the daughter, neither could compel the transfer to herself or to both, for this would either destroy the trust, or substitute a new trustee not intended by the testator. 5th. But to whom is the transfer to be made? Neither the party having the life interest, nor the person in remainder, have any right to the entire title, and to transfer it to both would make them tenants in common, and to such a title they have no right. If it be said, that the stock being transferred to the person having the life-estate, or to the person having the estate in remainder, such person would hold the interest of the other in trust, it is a sufficient answer that the testator has not so directed, but has chosen to leave it in the hands of the defendants until the trust is fully executed. 6th. But to whom should the defendants have transferred the stock, if at all, when the demand was made? No one was designated in the demand, but the demand was to transfer it to all the plaintiffs or to some of them, i. e. to the conservator, to Mrs. Belden, his ward, or to Mrs. Harrison, his wife, or to some of them. This, in effect, is no demand at all.

2. But the bank is not a party to this bill. What if it should refuse to permit a transfer, as it might? Will the court order the defendants under a penalty, or in peril of contempt, to do a thing not entirely under their control and within their power? It is pretty certain that the bank would not permit a qualified transfer upon its books, i. e. a transfer to each party in interest of her separate interest. Judge Church strongly intimated this opinion in a case in this court upon a similar bill.

3. As to the dividends, there is no pretence that they are affected with any trust. There is no allegation in the bill to this effect. The defendants were not appointed trustees of the life interest, so far as appears from the bill. The allegation is that Mrs. Belden is entitled to them and that the defendants have received them. Moneys had and received to the use of another can not be collected by a bill in equity,

unless there be some trust upon which they are held. The remedy at law is adequate, and a court of equity has no jurisdiction. Even if they are held upon a trust, still according to the statutes and laws of this state, if there be adequate remedy at law, there is no concurrent jurisdiction in equity, as perhaps there is in Great Britain and in some of the United States. *Law* v. *Thorndike*, 20 Pick., 317, 320.

4. The defendants as administrators have claims against the estate, and it is evident that they will be required to settle another administration account. Upon the propriety of these claims and of the administration account, this court will not pass. These are matters for the court of probate. And the question for this court, upon this part of the case, is, whether the court will order the transfer prayed for, leaving the administrators without anything for their expenses and such claims as the court of probate may allow them.

STORRS, C. J. This bill is exhibited for the purpose of compelling the payment, by administrators or trustees, under a will, of certain dividends on bank shares, and also the transfer of the shares themselves.

By the will a bequest was made to Margaret C. Belden, the testator's wife, of the use and improvement of the bank shares for life, and at her death they were to become the property of her daughter, now Mrs. Harrison. A different section of the will specifies divers bequests to Mrs. Harrison almost uniformly limited to a life estate in the property described, and also contains some general directions concerning the investment for her benefit of the accruing income. In the concluding section, two of the respondents named in the present petition, Horace Belden and Keney, (the executors of the will, but now acting as administrators under it,) are made trustees of the estate of Mrs. Harrison, until she shall arrive at the age of twenty-six, and these trustees are desired to manage it in the way pointed out in the section just referred to, which is designated by its number. Whether, under such circumstances, these persons became trustees of any other property than that enumerated in the specified

section, and which manifestly required the management of a trustee, and especially, whether they became trustees for Mrs. Harrison of these bank shares, of which she had no right to the present enjoyment or income, and which she was to receive absolutely, by a strictly legal title, when she received them at all, and which therefore manifestly required no management by a trustee on her account, are matters of extreme doubt, which would not, however, if decided, change the result which we have reached in this case. For, whether the respondents are accountable, as trustees or administrators, to the petitioners, or to any of them, it is equally true that neither the bill nor the committee's report show any reason for the aid of chancery.

The petition discloses a singular confusion of parties, whose combination, in an application of this kind, is not satisfactorily explicable. Apart, however, from any suggestion of misjoinder, the court can not perceive any reason which justifies the appearance of Mrs. Harrison as a plaintiff in this bill. She was to have no claim upon her trustees, or upon the administrators on her father's estate, for the bank shares, until the decease of her mother, and thus far no right of hers is touched by the detention of the dividends in the hands of the respondents. Nor is it inferable from any allegation of the bill, or fact found in the report, how her interest will be in the least promoted, by a transfer of these shares to her mother or to her mother's conservator.

But it is alleged, in behalf of Mrs. Harrison, as we suppose, that the period of the trust created for her expired when she reached the age of twenty-six, and that the respondents have nevertheless refused to convey the stock to her in her own right. But there is a total failure to show how this could be done without a breach of duty on the part of the administrators. If the trust for Mrs. Harrison has terminated by lapse of time, (as it manifestly has, if it ever existed,) so that the respondents no longer hold her contingent interest in these shares, still they are responsible to Mrs. Belden during her life for the income of the bank shares, and have no right to convey the same by a legal title to Mrs. Harrison, vesting her

thus with the entire estate. As administrators they are bound to execute the will of the testator, to pay over the accruing profits of the stock to Mrs. Belden, and thus must retain the legal title to the shares for that purpose. With this trust they still stand charged, for it was in no wise terminated by the limitation affixed to the special trust created by the will in behalf of Mrs. Harrison. If we were to suppose that Mrs. Harrison was simply asking in this bill for a conveyance of her interest in the bank stock by her trustees, we should not be able to see what would pass by such an instrument. Its only apparent effect would be to discharge the trust, which the law has already amply done by virtue of the necessary lapse of time.

It must be, then, that if there is any merit in the bill whatever, it exists in favor of Mrs. Belden, from whom the dividends are withheld. But if she has a present right to them, it is a legal right, such as a court of law will fully protect when an action of assumpsit shall be brought to compel payment. And it is certainly a right with which a court of chancery has no concern, unless in connection with other matters, of themselves independent subjects of equity jurisdiction, or unless, after repeated and vexatious refusals to pay over, the administrator should, by a proper bill, be put in the way of being enjoined to execute a perpetual power of attorney to Mrs. Belden to collect her own dividends.

The remaining relief sought on behalf of Mrs. Belden, is a compulsory transfer of the shares themselves by the administrators to all or to some one of the petitioners. That it can not be made to all jointly is obvious; for the interest of one never becomes a present interest until the estate of the other in the same property is entirely extinguished. The transfer can not be made alone to Mrs. Belden or her conservator, for she is entitled only to the dividends during her life. It can not be made absolutely to Mrs. Harrison, for the reasons already given, inasmuch as we have no right to infer from the petition that it is Mrs. Belden's design to relinquish her entire estate in the bank stock to her daughter. The conveyance can not be made in such a manner as to preserve

the rights of the parties, unless a new trustee is provided in the person of some one or more of the petitioners or of some third individual, and the legal trusts vested in such trustee for the benefit of both Mrs. Belden and Mrs. Harrison. Now if the petition is to be treated as an application to the superior court to substitute Mr. Harrison or Mrs. Harrison as trustee for Mrs. Belden, it becomes important to inquire whether any ground is laid in the bill for such a procedure.

It does not seem to be desired that a conversion shall be had of the bank shares into better securities; and if this were to be insisted upon, it could be done without a change of the trustee. It is not suggested that the administrators are insolvent. If they were, resort might still be had to their sureties upon the administration-bond; and even if the respondents should be insolvent, and the sureties inadequate, this would rather be a reason for a removal by the court of probate, or the requirement of new and responsible sureties, than for compelling the administrators to part with the legal title to a small fraction of the estate which they hold in trust. Nor is it said or shown that they are mismanaging the estate. The nonpayment of the dividends would hardly be held even slight evidence towards this conclusion, until an action at law had been brought to test their liability to pay over. But even if they were guilty of malpractice, this would be a reason for appealing to the court of probate for a removal, or an action on the probate bond, rather than for granting a partial and ineffective remedy like that now sought.

On the whole, we see neither in the bill or report any reason for interfering with the wish of the testator, that the bank shares should be held for his wife's benefit during her life by the present respondents, or for substituting in their place a new trustee, although the trustee proposed by the bill should be one of the petitioners themselves. In fact, the petition appears to be without merit in any particular, and the court, omitting to pursue other objections raised by counsel, advise that it be dismissed.

In this opinion the other judges concurred.

Advice that bill be dismissed.