ETHEL YANTZ vs. RAYMOND F. DYER ET AL., EXECUTORS (ESTATE OF ELMER W. DYER).

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 8th—decided December 3d, 1935.

*Josiah H. Peck* and *Cyril F. Gaffney,* for the appellants (defendants).

*Samuel H. Platcow,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff brought this action to recover for services rendered the defendants' decedent, a claim having been presented to them as executors and disallowed. The trial court has found that the services were rendered at the request of the decedent in reliance upon promises made by him that the plaintiff would be compensated for them and that she expected to be paid, and he expected to pay, for them. The testimony given by her, corroborated by other witnesses, was sufficient, if believed by the court, to sustain these findings. It nowhere appears that the trial court, in reaching its conclusions, failed to apply the applicable rule of law that claims such as that advanced by the plaintiff should be carefully scrutinized and found established only upon clear and satisfactory proof. *Hoskins* v. *Saunders,* 80 Conn. 19, 21, 66 Atl. 785; *Leahy* v. *Cheney,* 90 Conn. 611, 613, 615, 98 Atl. 132; *Bartlett* v. *Raidart,* 107 Conn. 691, 696, 142 Atl. 398; *Clark* v. *Diefendorf,* 109 Conn. 507, 514, 172 Atl. 33. No material correction can be made in the finding and it supports the conclusion of the trial court that the estate was legally liable to the plaintiff. Most of the additions to the finding which the defendants seek to have incorporated in it do not state facts we can hold to have been admitted or undisputed; and the other additions sought would not materially affect the situation before the court or are purely evidential and not such as should have been included in the finding. Practice Book, § 360; *Beach* v. *First National Bank,* 107 Conn. 1, 5, 138 Atl. 905; *Pope Foundation, Inc.* v. *New York, N. H. & H. R. Co.,* 106 Conn. 423, 138 Atl. 444.

The recovery to which the plaintiff was found entitled was based upon services rendered by her in driving the decedent about, from July, 1931, until the early part of August, 1933, in an automobile furnished by her but owned by her mother, and thereafter, until shortly before the decedent's death, in August, 1934, in an automobile owned by him; and upon gas and oil which she provided during the former period. It is found that the plaintiff furnished these services on three to five days a week, on an average of five to eight hours a day, except for two months in the latter part of 1932, when she was out of the State. The trial court found that the reasonable value of the plaintiff's services was $3750 in addition to certain sums she had received, amounting to $550. The defendants contend that the facts found afford too uncertain a basis for the award of damages to the plaintiff, particularly as regards a claim made for services rendered to a decedent. The basis of the rule which requires clear and satisfactory proof as regards claims for services to a decedent, made after his death, at least where the claimant is not related to or a member of the family of the decedent, has been stated by us as follows: "Its reason lies in the fact that the living claimant occupies a position of great advantage by reason of the death of the other party to the transaction and it is necessary to provide a check against possible imposition and fraud." *Clark* v. *Diefendorf,* supra, p. 514. The principle applies as well to the determination of the amount a claimant is entitled to recover as it does to the question of legal liability. Moreover, in *Bartolotta* v. *Calvo,* 112 Conn. 385, 395, 152 Atl. 306, we stated a principle applicable to all actions based upon breach of contract as follows: "It is incumbent upon a plaintiff in a contract action to prove his damages with all the certainty which is reasonably possible, but

where exactness is not possible he is not therefore to be precluded from a recovery and the best approximation to certainty is all that is required."

The trial court has found that the plaintiff kept no account of the services rendered and that it is not possible upon the evidence to determine the exact number of days or hours during which she rendered them or the kind of services or their exact value. These findings do not necessarily preclude a recovery by the plaintiff under the principles we have stated. The transactions between the plaintiff and the defendant were not like those of ordinary commerce where it is to be expected book accounts will be kept; but the trial court might well consider that the services were rendered in the expectation that compensation would be made for them generally, probably generously, and not upon the basis of the exact amount of time spent or their exact nature. In such a case to deny to the plaintiff any recovery beyond nominal damages might well be to penalize her for a failure to keep exact records, into which she was led because of an expectation entertained as the result of the decedent's own conduct. If the trial court was satisfied that the services were rendered under circumstances imposing a legal liability it might properly give judgment for her to the extent to which it was satisfied, in the exercise of a guarded and careful discretion, that she was clearly entitled to compensation.

The defendants attack the trial court's finding as to the reasonable value of the services. The court states as the basis of its determination of that value the testimony of one having expert knowledge of the value of the use of an automobile and of services in driving it, and the decedent's own estimate of the value of the services in a promise he is found to have made to give to the plaintiff one-half of a mortgage of $7500 which

he owned and which he was intending to collect. Although the trial court may have used the testimony of the witness referred to as a general aid in its own determination of the amount to which the plaintiff was entitled, it obviously gave controlling weight to the promise of the decedent, of which it speaks as "the estimate of Dyer himself that the plaintiff's service was worth at least one-half of $7500, in addition to what he had already paid her." In *Starkey's Appeal*, 61 Conn. 199, 23 Atl. 1081, the plaintiff was held entitled to recover for services rendered the decedent in reliance upon his promise to leave his property to her by will; on the trial evidence was admitted as to the value of the estate and, this being assigned as error, we expressed some doubt as to the admissibility of the evidence, but said that perhaps it was admissible in connection with certain other testimony, not as giving a rule of damages, but "as having some tendency to show [the decedent's] appreciation of her services."

There are two obvious reasons why, ordinarily, the amount promised to be left by will in compensation of services is of no weight in determining the reasonable value of those actually rendered: first, the duration of the services cannot be known when the promise is made and consequently the very basis of determining their reasonable value as a whole is lacking and, secondly, such promises often have in them an element of bounty over and above the intrinsic value of the services expected. The same reasons largely apply to the use by the trial court of the decedent's promise to pay the plaintiff one-half the amount of the mortgage when he collected it as an "estimate" of the value of the services rendered. The evidence in regard to the promise does not indicate that the amount promised was to be paid in consideration of past services or show in any way the duration of the services which it was

supposed to compensate; and to what extent the element of bounty entered into the promise it is in no way possible to determine. The promise could not properly be regarded as the decedent's own valuation of the services upon which the judgment was based. The finding of the trial court as to their reasonable value rests in part upon evidence incompetent to prove that value. That finding cannot stand and the judgment is deprived of necessary support.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.