# LEWIS J. TUTTLE

vs.

# SOUTH NORWALK TRUST CO., EXECUTOR

Superior Court          Fairfield County          File #51111

Present:   Hon. NEWELL JENNINGS, Judge.

Keogh & Candee,               Attorneys for the Plaintiff.

Taylor & Lovejoy,             Attorneys for the Defendant.

**MEMORANDUM FILED APRIL 27, 1937.**

JENNINGS, J.   The plaintiff is suing for one-half the personal property of his deceased wife.   He claims that they agreed to hold their personal property in common after their marriage and that one-half of the personal property in the hands of the executor belongs to him.   This claim is subject to the usual rules in passing on claims against the estates of deceased persons.

These rules and the reasons for their application are clearly set forth in **Yantz vs. Dyer, 120 Conn. 600.**   These claims "should be carefully scrutinized and found established only upon clear and satisfactory proof."   The terms of the agreement are in themselves far from "clear and satisfactory".   In the words of the plaintiff "She said we would go 50-50 in money matters".   As far as appeared in evidence, that is just what they did.   All of their income and a part, at least, of the principal of each was deposited in a common fund under the control of the deceased.   Soon after the marriage the plaintiff gave up a good position.   He and his wife took long trips around the country and "had a wonderful time".   The figures plainly show that the capital of both was seriously impaired by this mode of life.   During this period the gross

deposits of the wife in her checking account amounted to $18,543.93 and the plaintiff only claimed to have contributed $7,000.

The conduct of the plaintiff does not corroborate his claim. The wife died May 17, 1935. The will gave nothing to the plaintiff. He did not contest probate but claimed and got his statutory share. He made no claim whatever to the personal estate until the spring of 1936 and then only claimed ownership of a savings bank deposit amounting now to $746.79. Formal claim was made for this by letter from his attorneys under date of March 4, 1936; application to the Probate Court March 5, 1936; by suit July 17, 1936. The first sign of his present claim appears in the filing of an amendment to his complaint October 29, 1936. Since the validity of his claim depends almost entirely on his own testimony, I find that he has failed to sustain the burden of proof.

Judgment for the defendant.