### MAISIE P. GREENE v. GEORGE F. FAIRBANKS, ADMINISTRATOR (ESTATE OF JAMES R. PALMER).

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued November 4—decided December 5, 1941.

*Virtune P. A. Quinn*, with whom was *Harry Schwartz*, for the appellant (defendant).

*Griswold Morgan*, for the appellee (plaintiff).

PER CURIAM. James Raymond Palmer died intestate February 29, 1940, at the age of eighty-three years, his wife, Carrie Palmer, having died before him on March 12, 1936. They were a childless couple. They lived together at Montville for many years. The defendant is the administrator of Mr. Palmer's estate. The plaintiff brought this action to recover for services of the claimed value of $2720 alleged to have been rendered to the deceased and his wife, at the request of the deceased and upon his agreement to make compensation therefor. In her complaint, the

plaintiff alleged that she had presented her claim to the defendant administrator within the time limited by law and it had been rejected. The answer of the defendant denied the rendition of the services and their value, but admitted that the claim had been presented to and rejected by the administrator. The case went to trial before the court and jury and a verdict was returned in favor of the plaintiff for $3000. The present appeal is from the denial by the trial court of the defendant's motion to set aside the verdict. The claim as presented by the plaintiff to the administrator in writing was for services for eight hundred and forty days at $3 per day and for supplies furnished in the amount of $200. Even if we apply the standard of proof in a case of this kind stated in *Yantz* v. *Dyer,* 120 Conn. 600, 604, 181 Atl. 717, the evidence is not such that the jury could reasonably have allowed the plaintiff to recover for any supplies furnished by her, nor does an analysis of the evidence justify a verdict in her favor for services even to the amount stated in the claim presented to the administrator. It follows that the verdict of the jury was in excess of the amount warranted by the evidence or claimed by the plaintiff, and must be set aside.

There is error, the judgment is set aside and a new trial is ordered.