ADELIA P. GRAYBILL *v.* MILDRED H. PLANT ET AL.,
EXECUTRICES (ESTATE OF WALTER H. PALMER)

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

398

Argued November 6—decided December 11, 1951

*Morris Tyler,* with whom was *Charles J. Parker,* for the appellants (defendants).

*Herbert L. Emanuelson,* with whom was *John F. Wynne,* for the appellee (plaintiff).

BALDWIN, J.   The defendants appeal from the denial of their motion to set aside the verdict and from the judgment, alleging errors in the charge and rulings on evidence.

The jury could reasonably have found the following basic facts: The plaintiff was graduated from the Branford High School in June, 1930.   She stood first in her class in the commercial course and was selected to receive the Rotary Club award for service.   During the award presentation ceremonies, the defendants' decedent, Palmer, who was engaged in the real estate and insurance business in Branford and was an active member of the Rotary Club, offered her a position as his secretary at a weekly salary of $15, with the promise of increases if she remained.   The plaintiff accepted the position and began work in September, 1930.   About April 1, 1931, Palmer purchased another insurance

agency and combined it with his business. This increased the plaintiff's work three or four fold. The plaintiff told Palmer that she wanted $35 a week, a salary which she claimed was warranted by the increased work and responsibility. Palmer agreed that such a salary was justified but stated that he could not afford at that time to pay it. He asked the plaintiff to stay with him and promised to remember her generously in his will if she would do so. Relying upon this promise, the plaintiff remained in his employ and did not further request any additional compensation. In 1941 Palmer purchased another insurance agency and added it to his business. In November, 1943, the plaintiff was married, but she continued to work until April, 1945, when she left because she was expecting the birth of a child.

Throughout the years of her employment, the plaintiff performed a great variety of secretarial duties in connection with Palmer's real estate and insurance business and his ecclesiastic, political and social activities. She assumed responsibility, exercised good judgment, was loyal to her employer's interests, and was friendly, co-operative and helpful to his customers. In short, she was a most able and efficient secretary. She earned the repeated praise of her employer and became indispensable to him. At various times through the years she had offers of other positions at considerably higher salaries but, relying upon Palmer's promise, often repeated, to remember her generously in his will if she would remain, she continued in his employ. From time to time Palmer increased her pay, until at the time she left in 1945 she was receiving $35 a week. Her compensation, however, was never commensurate with her worth, a fact conceded by her employer. Palmer died on May 12, 1949, leaving a will which was admitted to probate. This will made no provision for

the plaintiff. During the period from September 13, 1930, to April 14, 1945, she was paid $15,371. Reasonable compensation for that period, with increases from time to time from a starting wage of $15 per week to $50 per week, would have been $29,880, leaving a difference of $14,509, to which the plaintiff claimed she was justly entitled.

A claim for compensation for services from the estate of a decedent over and above that already received should be carefully examined by the trier. It should be established only upon clear and satisfactory proof that the services were rendered under a mutual understanding and agreement, or under circumstances that clearly and satisfactorily demonstrated, that they were to be paid for in the manner claimed. *Bartlett* v. *Raidart*, 107 Conn. 691, 696, 142 A. 398; *Leahy* v. *Cheney*, 90 Conn. 611, 615, 98 A. 132; *Hoskins* v. *Saunders*, 80 Conn. 19, 21, 66 A. 785. The reason for this rule is that the living claimant is in a position of great advantage because of the death of the other party to the transaction and some check must be provided against the possibility of imposition and fraud. *Yantz* v. *Dyer*, 120 Conn. 600, 603, 181 A. 717; *Clark* v. *Diefendorf*, 109 Conn. 507, 514, 147 A. 33.

The defendants concede that the court properly charged the jury on this standard of proof, and we assume that the jury heeded this instruction. *Woodward* v. *Waterbury*, 113 Conn. 457, 460, 155 A. 825. The defendants claim, however, that the evidence in behalf of the plaintiff's claim failed to meet the test as a matter of law. The plaintiff testified that when she asked for higher pay Palmer refused, saying, "Please stay with me, and if you do I will make it up to you in my estate, generously." It was in reliance upon this promise, later repeated, that she stayed. The defendants argue that this statement, standing alone and un-

corroborated, is not sufficient. See *Yantz* v. *Dyer,* supra, 602. There was, however, ample corroboration to sustain the verdict. There was no kinship between the parties. Their relationship was that of employer and employee, which gives rise to a strong implication that services rendered upon request and accepted voluntarily are to be remunerated. *Bartlett* v. *Raidart,* supra, 696. The witness Lake, a long time friend of Palmer, testified that on several occasions the latter had stated that the plaintiff was underpaid, that her services were invaluable to him, and that he planned to remember her in his will. There was testimony that Palmer was a bachelor, well past middle life, and not always in good health. He had no immediate relatives and lived with his mother until she died at eighty-five years of age. Under the rule stated, there was ample evidence of a clear and satisfactory nature to support the conclusion that the defendants' decedent had promised to compensate the plaintiff in his will and that, in reliance upon that promise, she had continued in his employ. *Yantz* v. *Dyer,* supra, 602; *Clark* v. *Diefendorf,* supra, 512; *Howd* v. *MacGregor,* 102 Conn. 331, 334, 128 A. 518; see *Starkey's Appeal,* 61 Conn. 199, 23 A. 1081; 2 Locke & Kohn, Conn. Probate Practice, §§ 509, 512.

The defendants claim that the verdict should be set aside because there is no credible evidence from which the jury could have found that the plaintiff had not been adequately compensated. The plaintiff offered evidence that her services were reasonably worth $14,509 more than she had been paid. This amount was determined by deducting the amount she actually received from the amount to which she claimed she was reasonably entitled. The reasonableness of this amount was supported by testimony of one expert and denied by that of another. The jury returned a verdict

for $6995.17, which included interest from the time her claim was disallowed. The trier's task was to fix the fair value of the services performed for which extra compensation was promised. *Grant* v. *Grant*, 63 Conn. 530, 543, 29 A. 15; *Yantz* v. *Dyer*, supra, 603, 604; see 2 Locke & Kohn, Conn. Probate Practice, § 512; § 513, p. 579. There is no way of telling with any degree of certainty how the jury arrived at the amount of their verdict, nor is it necessary that it be mathematically demonstrable. *Kornblau* v. *McDermant*, 90 Conn. 624, 637, 98 A. 587. It was within the province of the jury to fix the amount to which the plaintiff was entitled. The court was justified in denying the motion to set aside the verdict. *Mercer Electric Mfg. Co.* v. *Connecticut Electric Mfg. Co.*, 87 Conn. 691, 698, 89 A. 909; *Kornblau* v. *McDermant*, supra; *Yantz* v. *Dyer*, supra, 604.

The defendants complain of the failure of the court to charge the jury adequately on the weight of the evidence presented by an expert witness for the plaintiff upon the question of the reasonable value of her services. The court charged the jury on this matter as follows: "With respect to a question of that sort, called a hypothetical question, you must understand that the opinion expressed in reply to the question will have value with you only insofar as you find the facts assumed in the question upon which the opinion was based to have been proved, that is, if all the assumed facts in the question are established then the opinion is well-founded. If none of the assumed facts are proved, the opinion elicited by the question has no foundation. Between those two extremes you may find the opinion partially well-founded in such degree as the assumed facts are found to be proved. Even if you find all the assumed facts proved, however, and the opinion therefore well-founded that does not mean that you are con-

clusively bound by the opinion. It is not conclusive upon you but is merely evidence offered with other evidence on such subject for your consideration."

There are two distinct phases through which a hypothetical question and answer must successfully pass before the opinion expressed can be credited by the trier. The witness must be qualified to express the opinion the question calls for, and adequate facts upon which it is based must be proved. *Stephanofsky* v. *Hill,* 136 Conn. 379, 383, 71 A. 2d 560. The defendants' contention is based upon the claim that, so far as the evidence disclosed, the witness was possessed of no information on what was being paid to secretaries in insurance offices in Branford and that, therefore, he was not qualified as an expert on the subject. Their present criticism of the charge is that it failed to call this matter to the attention of the jury and to instruct them to weigh the testimony in the light of the paucity of knowledge of the witness in that regard. He had been qualified as an expert and his testimony had been received. The court fully charged the jury concerning the weight and credibility to be given the testimony of witnesses. If the defendants desired any further charge specifically directed to the weight to be given to the expert testimony of this witness under the special circumstances they now detail, they should have filed a written request therefor or have stated their objection fully and distinctly, as required by the rule. Practice Book § 156. They did neither. The charge was correct and adequate. *Dumeer* v. *Middletown Gas Light Co.,* 104 Conn. 535, 538, 133 A. 580; *Slade* v. *Harris,* 105 Conn. 436, 443, 135 A. 570; *Hall* v. *Sera,* 112 Conn. 291, 297, 152 A. 148; see 24 Conn. B. J. 451.

The defendants' further claim that the court erred in not instructing the jury to apply their own knowledge of the value of money from 1930 to 1950 in determin-

ing whether the plaintiff had been paid the reasonable value of her services is without merit. The court charged that a reasonable price would be that price which similar services "at the time" would cost. And, again, the court instructed the jury that a reasonable amount would be what the decedent would have been compelled to pay if he had gone out into the open market "at that time" to secure somebody else. This language was sufficient to direct the attention of the jury to the proposition that the value of the services must be determined in connection with the time or times when they were performed.

The defendants called as a witness an employer of secretarial help, who was qualified as an expert on the reasonable value of such services. He testified in detail concerning reasonable compensation for secretarial work. Defendants' counsel asked him whether Palmer had ever mentioned to him what he was paying the plaintiff. The court upon objection properly excluded the witness' answers. They were not responsive. Further, the witness frankly conceded that he did not remember the amount, that he had no recollection of the opinion that he formed at the time, but that it was his impression that Palmer was paying a little bit more than the witness was paying his secretarial help. This testimony was speculative and remote and the court exercised a proper discretion in excluding it. *Case* v. *Clark*, 83 Conn. 183, 195, 76 A. 518; *Barry* v. *McCollom*, 81 Conn. 293, 299, 70 A. 1035; *State* v. *Kelly*, 77 Conn. 266, 269, 58 A. 705.

One of the duties of the plaintiff was to prepare and mimeograph a weekly letter which was sent by Palmer as secretary of the Rotary Club to all its members. While the plaintiff was on vacation, Palmer himself prepared and mimeographed such a letter and sent it out over his signature. It contained statements lauda-

tory of the plaintiff. The defendants objected to a portion of the letter which contained a quotation from the words of another, obviously included by Palmer in a facetious vein. By including this quotation Palmer adopted the words as his own. The entire letter was properly admitted under the statute making admissible the declarations and memoranda of a deceased person. General Statutes § 7895. This statute has always been construed to permit a wide latitude in the admission of such declarations and memoranda in order that the deceased may speak, as it were, from beyond the grave. *Douglas* v. *Chapin,* 26 Conn. 75, 92; *Bissell* v. *Beckwith,* 32 Conn. 509, 517; *Craft's Appeal,* 42 Conn. 146, 153; *Walter* v. *Sperry,* 86 Conn. 474, 476, 85 A. 739.

The remaining grounds of error require no discussion because they were waived in brief and oral argument.

There is no error.

In this opinion the other judges concurred.