CITY OF STAMFORD ET AL. *v.*
THE CONNECTICUT LIGHT AND POWER COMPANY ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 86531

Memorandum filed May 1, 1952.

*Cummings & Lockwood,* of Stamford, for the Plaintiffs.

*William L. Beers,* of Hartford, *Brennan, Gaffney & Dichter,* of Stamford, *Pullman, Comley, Marshall & Parker,* of Greenwich, and *Carmody, Larkin & Torrance,* of Waterbury, for the Defendants.

KING, J. The named defendant, The Connecticut Light & Power Company, is the lessee (with an option to purchase) of a piece of land in Stamford known as Cove Island. It wished to erect on this property a steam generating plant and made application for permission so to do to the zoning board of appeals, which in turn referred the matter to the planning board, which disapproved the project. Thereafter, the zoning board of appeals denied the application and from this decision the named defendant in effect appealed to the public utilities commission, which ordered a hearing on May 5, 1952.

The plaintiff claims that the public utilities commission is without jurisdiction in the premises and instituted this action for a declaratory judgment and an order staying action by the commission pending a determination by the court of the jurisdictional question. The present motion to stay seeks a temporary order staying further proceedings by the commission. The basic claim of the plaintiff is that it should not be required to spend time and money trying out the merits before the public utilities commission until the jurisdictional question has been determined.

The short answer is that the plaintiff need not contest the matter on the merits before the commission unless it so desires. It can raise the jurisdictional question and that alone. Its position is analogous to that of a defendant whose demurrer to a complaint has been overruled. It can answer over or not, as it chooses.

Under General Statutes, § 5429, the plaintiff can appeal from an adverse decision of the commission and all proceedings are stayed pending a final determination of the validity of the commission's decision, including the jurisdictional question.

Even if the court has a discretion to enter the order sought, it would be an improper exercise of such discretion so to do. *Connecticut Savings Bank* v. *First National Bank & Trust Co.,* 133 Conn. 403, 409, 410.

The court is of the opinion that the plaintiff should be left to seek redress through an appeal from the public utilities commission if, and when, that tribunal renders a decision adverse to it. Practice Book § 277(c).

This matter was not presented to the court until April 30, 1952, and obviously an immediate decision is required. Time does not permit the inclusion in this memorandum of the many other considerations which fortify the court's action in denying this motion.

The motion to stay is denied.