JOHN K. SANFORD, EXECUTOR (ESTATE OF CHARLES M. SANFORD) *v.* MARGUERITE M. WILLIAMSON ET AL.

SUPERIOR COURT          MIDDLESEX COUNTY          FILE NO. 14409

Memorandum filed February 7, 1961

*George V. Davis* and *Carlos B. Ellis,* of Middle-town, for the plaintiff.

*A. Robert Gordon* and *A. Harold Campbell,* of Middletown, for the defendants.

MacDonald, J. In this appeal by the executor of the will of the late Charles M. Sanford from an award by commissioners appointed by the Probate Court for the district of Middletown, the statement of claim filed by the two claimants, a husband and wife, sets forth a claim for $30,000 based upon services rendered by them to decedent during a period of years preceding his death while they lived in his home, alleging that they were induced to render such services, to make certain improvements upon decedent's place of residence and to expend sums of money for the benefit of both decedent and his residence upon his promise to compensate them by will for same or, in the alternative, by specifically devising said residence to them by will.

The evidence, although indicating some conversations between decedent and others, including claimants, on the general subject of "taking care" of claimants in return for their care of him and his home, was far from sufficient to establish a specific enforceable agreement to back a claim for the property itself. However, it was sufficient to indicate a basis for the claim that many of the services rendered by claimants to decedent during the last seven or eight years of his life went beyond those which they were called upon to perform by the original

agreement whereby they moved into his house, rent free, and that these additional services were induced by promises of some form of compensation by will. Such a promise, of course, may be express or implied. *Hull* v. *Thoms,* 82 Conn. 647, 651; *Kearns* v. *Andree,* 107 Conn. 181, 186.

A claim of this type requires close scrutiny, for obvious reasons, and must be established by clear and satisfactory proof. *Graybill* v. *Plant,* 138 Conn. 397; *Yantz* v. *Dyer,* 120 Conn. 600. However, claimants are aided in this respect by the rule that where, as here, there is no blood relationship, there is a strong implication that services rendered upon request and accepted voluntarily are to be remunerated. *Graybill* v. *Plant,* supra, 401; *Bartlett* v. *Raidart,* 107 Conn. 691, 696. Reasonable value of the services is the criterion, rather than the value of the specific property claimed to have been promised; *Hull* v. *Thoms,* supra; *Yantz* v. *Dyer,* supra; *Bucchi* v. *Gleason,* 137 Conn. 25, 32; proof of damages does not require precise mathematical exactitude; rather, "best approximation to certainty is all that is required." *Bartolotta* v. *Calvo,* 112 Conn. 385, 395; *Yantz* v. *Dyer,* supra, 604.

Applying the foregoing principles to the instant case, the court has reached the following conclusions: (1) The evidence does not support any claim by Mr. and Mrs. Williamson to the residence of decedent. (2) The evidence discloses that a large part of what was undoubtedly conscientious and excellent care and maintenance of decedent's residence performed by Williamson during the entire time claimants resided there was that ordinarily performed by a tenant upon his rented home and not for promises of compensation from some other source. (3) Such services performed by Williamson as went beyond ordinary care and maintenance and properly could be classified as improvements

made upon the property in anticipation of compensation or reimbursement have a reasonable value of $775, covering the period of seven years and ten months from April, 1950, to the date of Sanford's death, in February, 1958. (4) The services rendered by Mrs. Williamson for decedent during the period from April, 1950, until September, 1957, when he became seriously ill, went somewhat beyond the limits of those which she had agreed to perform under the original rental agreement of 1947, to the extent of at least three hours a day on the average, and the reasonable value of these services was $20 per week for a period of about 382 weeks, or $7640. (5) The services rendered by Mrs. Williamson to decedent after he became seriously ill in September and continuing until his death, involving about twenty-two weeks of more exacting, unpleasant and time-taking duties, were reasonably worth $30 per week, or a total of $660. (6) The services mentioned above in paragraphs (4) and (5) were beyond those called for in the original rental agreement of 1947 and were services rendered in anticipation of compensation by Sanford's will.

Therefore, the issues are found in favor of the claimant Herbert H. Williamson to recover the sum of $775, and in favor of the claimant Marguerite Williamson to recover the sum of $8300, and for both claimants to recover their taxable costs herein.