BELLE PERL, EXECUTRIX (ESTATE OF GUSTAVE G. PERL) *v.* HOWARD CASE
(2345)

DUPONT, C.P.J., SPALLONE and DALY, Js.

Argued November 10, 1984—decision released January 1, 1985

*Mark S. Shipman,* with whom, on the brief, were *Samuel J. Henderson* and *Paul A. Rufo,* for the appellant-appellee (defendant).

*Edward S. Hyman,* with whom, on the brief, was *Donald J. Cantor,* for the appellee-appellant (plaintiff).

PER CURIAM. The present action was brought to collect a sum due and owing pursuant to a promissory note executed by the defendant in conjunction with the purchase of an accounting practice. The matter was tried to a trial referee and judgment was rendered in favor of the plaintiff. The defendant appealed[1] therefrom and, thereafter, the plaintiff cross appealed.

The defendant claims that the trial referee erred (1) in the construction of the agreement between the parties, (2) in requiring the defendant to prove his special defense of oral modification by clear and satisfactory proof, (3) in drawing an inference adverse to the defendant because of his failure to produce a certain witness, (4) in finding that certain payments made by the defendant to the plaintiff's decedent were consulting fees rather than payments towards the balance due on the note, and (5) in awarding interest and attorney's fees. The plaintiff cross appealed claiming the trial referee erred in computing the interest.

The first claimed error of the defendant is that the trial court erred in construing the parties' agreement. Certain facts are relevant to this issue. The plaintiff's decedent sold his accounting practice to the defendant,

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this Court. General Statutes § 51-199 (c).

which was evidenced by a purchase agreement. Both parties were represented by counsel. The agreement and the promissory note signed by the defendant both provided for a ten year payment schedule whereby the purchasers[2] would buy out the plaintiff's decedent. The amount of the payment fluctuated depending on the fees generated from the seller's client accounts in that year. The promissory note for the principal sum of $133,715 was noninterest bearing and nonnegotiable. The amount of the payments due for each remaining year after November 15, 1976, according to the promissory note, would be the sum paid for that year until the promissory note was paid, or until, under the terms of the note, the last payment was to be made at which time any unpaid principal would be due. The purchase agreement provided for a different freeze date, September 30, 1975. The trial referee, noting the conflict, took evidence as to the intention of the parties on this issue, and concluded that the date provided in the promissory note was a scrivener's error.

The defendant argues that the evidence does not support the trial court's conclusion. Instead, he claims that the evidence revealed that the plaintiff's decedent and the defendant decided not to freeze the payment but to continue to have the payment fluctuate from year to year.

Absent definitive contract language the intent of the parties concerning the payment schedule is an inference of fact and the trial referee's conclusion must stand unless he could not reasonably conclude as he did. *Bead Chain Mfg. Co.* v. *Saxton Products, Inc.,* 183 Conn. 266, 275, 439 A.2d 314 (1981); *Hydro-Hercules Corporation* v. *Gary Excavating, Inc.,* 166 Conn. 647, 652–53, 353 A.2d 714 (1974). The defendant testified that he and the plaintiff's decedent understood the freeze date

---

[2] According to the purchase agreement, Joseph DeLuca was also a purchaser of the accounting practice.

in the agreement was correct and the date provided in the promissory note was a mistake. The trial court could reasonably conclude as it did.

The trial referee, relying on the rule reiterated in *Yantz* v. *Dyer,* 120 Conn. 600, 602–603, 181 A. 717 (1935), required the defendant to prove his special defense of oral modification by clear and satisfactory proof. In that case, it was held that claims for services rendered to a decedent made after his death must be established by clear and satisfactory proof. The defendant argues that this rule is inapplicable to the present action because the claim advanced by the defendant does not involve compensation for services rendered to the plaintiff.[3] The holding of *Yantz* is not limited exclusively to claims for compensation for services advanced against a decedent's estate.

"The reason for [the] rule is that the living claimant is in a position of great advantage because of the death of the other party to the transaction and some check must be provided against the possibility of imposition and fraud." *Graybill* v. *Plant,* 138 Conn. 397, 400, 85 A.2d 238 (1951). The policy behind the rule encompasses situations such as the one presently before the court. The trial referee did not err in requiring the defendant to establish his special defense of oral modification by clear and satisfactory proof.

We next consider the defendant's claim that the trial court erred in drawing an inference adverse to the defendant because of his failure to produce Joseph

---

[3] The defendant cites General Statutes § 52-172 which provides, in relevant part that "the entries, memoranda and declarations of the deceased relevant to the matter in issue, may be received as evidence." Apparently, the defendant is arguing that the statute provides the only avenue open to the plaintiff to rebut the defendant's testimony. The legislature enacted the predecessor of General Statutes § 52-172 in 1850. *Starzec* v. *Kida,* 183 Conn. 41, 45–46 n.4, 438 A.2d 1157 (1981). The holding in *Yantz* v. *Dyer,* 120 Conn. 600, 181 A. 717 (1935), postdates the statute.

DeLuca as a witness. The following facts are relevant to this claim. The defendant testified that DeLuca, a partner in the accounting firm at the inception of the agreement, was aware of the oral modification between the plaintiff's decedent and the defendant because the plaintiff's decedent had informed him of the modification. The defendant admitted the witness was available. The missing witness was, like the defendant, a co-maker on the promissory note and a purchaser of the accounting practice, but he was not a defendant in this action.

The defendant argues that the witness was not one he would naturally produce as the witness had no peculiar or superior information and therefore the trial referee erred in applying the *Secondino* or missing witness rule. See *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 165 A.2d 598 (1960). Whether an absent witness has superior or peculiar information and whether an adverse inference can therefore be drawn is a question of fact. *Nichols* v. *Coppola Motors, Inc.,* 178 Conn. 335, 342–43, 422 A.2d 260 (1979); *Grabowski* v. *Fruehauf Trailer Corporation,* 2 Conn. App. 167, 172, 477 A.2d 685 (1984). An appellate court reviews the court's factual findings to determine whether they are clearly erroneous. *McGaffin* v. *Roberts,* 193 Conn. 393, 409–10, 479 A.2d 176 (1984). The trial referee was not clearly in error in drawing an adverse inference.

The defendant next claims the trial referee erred in concluding that the $4800 paid to the plaintiff's decedent in sixteen payments of $300 each were not payments towards the balance due on the promissory note. The evidence elicited at trial on this issue is in conflict. The trier, not the appellate court, weighs the evidence and decides its probative force. *Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *Cole,* 189 Conn. 518, 524–25,

457 A.2d 656 (1983). The trial court's fact finding function will not be disturbed upon appellate review where there is evidence to support the fact found.

The defendant claims the trial referee erred in awarding attorney's fees to the plaintiff. The defendant advances the novel argument that the scrivener's error in the promissory note as to the freeze date vitiates the promissory note. The argument is devoid of any merit.

The final claim of error advanced by the defendant concerns the trial referee's award of interest to the plaintiff.[4] He argues that where there is a bona fide dispute as to the amount owed, no interest can be awarded. The defendant conceded that a sum was due and owing the plaintiff and only disputed how that sum was to be computed.

Whether statutory interest is to be awarded as an element of damages is an equitable determination lying within the discretion of the trial court. *State* v. *Stengel,* 192 Conn. 484, 487, 472 A.2d 350 (1984). The trial referee's decision to award interest is subject to reversal only upon a showing of an abuse of discretion. *Vernon Foodliner, Inc.* v. *Central Mutual Ins. Co.,* 1 Conn. App. 595, 600, 474 A.2d 468 (1984). Where, as here, it is undisputed that some sum was due and owing and nothing in the record indicates that there was an abuse of discretion, it was not error to award interest.

The plaintiff claims on her cross appeal that the trial referee erred in calculating the interest to be awarded to the plaintiff. Although the trial referee awarded interest from November 15, 1975, the plaintiff concedes

---

[4] General Statutes § 37-3a codified the common law of this state that the trial court could in appropriate circumstances award interest as an element of damages. The promissory note in question is not a negotiable instrument and therefore does not fall within the ambit of General Statutes § 42a-3-122 (4) (a) and the defendant cannot avail himself of the exception provided in the statute.

that the first delinquent payment was not due until November 15, 1976. Notwithstanding the fact, which the plaintiff admits, that interest was awarded for an extra year, the plaintiff argues she was entitled to a larger award. That claim is grounded on the plaintiff's filing of an offer of judgment in the present action pursuant to General Statutes § 52-192a,[5] which provides for a higher rate of interest than that provided in General Statutes § 37-3a. The trial referee rendered judgment in an amount exceeding that offer of judgment. Our Supreme Court has held that General Statutes § 52-192a applied to recoveries in court cases as well as jury cases. *Gionfriddo* v. *Avis Rent A Car System, Inc.*, 192 Conn. 301, 472 A.2d 316 (1984).

---

[5] The text of General Statutes (Rev. to 1981) § 52-192a, in effect at the date of judgment, states in pertinent part as follows: "(a) After commencement of any civil action based upon contract or for the recovery of money only, the plaintiff may before trial file with the clerk of the court a written 'offer of judgment' signed by him or his attorney, directed to the defendant or his attorney, offering to settle the claim underlying such action and to stipulate to a judgment for a sum certain. The plaintiff shall give notice of such offer of settlement to the defendant's attorney, or if the defendant is not represented by an attorney, to the defendant himself. Within thirty days afer being notified of the filing of such 'offer of judgment,' the defendant or his attorney may file with the clerk of the court a written 'acceptance of offer of judgment' agreeing to a stipulation for judgment as contained in plaintiff's 'offer of judgment.' Upon such filing, the clerk shall enter judgment forthwith on the stipulation. If such 'offer of judgment' is not accepted within thirty days, such 'offer of judgment' shall be considered rejected and not subject to acceptance unless refiled. Following such rejection of any 'offer of judgment,' the plaintiff may file a new 'offer of judgment' and may continue to do so up to the time of trial. All such 'offers of judgment' and any 'acceptance of offer of judgment' shall be included by the clerk in the record of the case.

"(b) After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his 'offer of judgment,' the court shall add to the verdict twelve per cent annual interest on the amount contained in such offer, computed from the date it was filed, and may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly. For pur-

The trial referee's memorandum of decision does not detail how the specific amount of interest was calculated and, therefore, it is impossible to review whether the amount awarded as interest was proper.[6]

There is no error on the defendant's appeal. There is error on the plaintiff's cross appeal, the judgment is set aside as to the award of interest and the case is remanded for further proceedings to determine the amount of interest to be awarded.

---

poses of this computation, the largest 'offer of judgment' which was equal to or less than the verdict shall be used. Nothing in this section shall be interpreted to abrogate the contractual rights of any party concerning the recovery of attorney's fees in accordance with the provisions of any written contract between the parties to the action."

[6] The trial court's memorandum of decision provides for interest of $14,891.51 for the period November 15, 1975, to February 1, 1982, and thereafter at the statutory rate, whereas the judgment states no particular amount, but provides that interest will run at the statutory rate from November 15, 1975 until paid.