[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action in two counts by the Enfield Family Dental against its financial secretary Mary Sue Erickson. Count one alleges conversion of insurance checks; count two alleges conversion of patient cash payments. Two other actions were brought by the Enfield Family Dental. The first was against Webster Bank, alleging the defendant bank had committed common law and statutory conversion by negotiating the insurance checks. The second action was against the Enfield Family Dental accountants, alleging that the defendant accountants breached their duty of care by failing to alert the plaintiff dental practice of the alleged missing insurance checks. These two actions were subsequently settled with a payment of $20,000 by Webster Bank and a payment of $30,000 by Lawrence Rosen, et al., accountants.
In the criminal action, State of Connecticut v. Mary Sue Erickson, (CR-99-0111100S) in addition to being incarcerated, the defendant, Mary Sue Erickson, was required to make restitution, which was received in the amount of $7,845.00.
Settlement proceeds in the amount of $10,000 were received from insurance carried by the Enfield Family Dental.
A total of $67,845.00 was received from the above referenced sources.
The facts are as follows. The defendant, Mary Sue Erickson (Erickson) started working in May of 1990 with the Enfield Family Dental as its financial secretary. Her day-to-day functions included charging out patients' transactions, which included charges and payments, posting insurance payments, making appointments, answering the phones, preparing deposits on a twice-weekly basis.
Erickson stopped working at Enfield Family Dental because she had had a child. She returned to Enfield Family Dental in August of 1995 and continued there through September of 1997. She was terminated the Friday of Labor Day weekend. The reason she was given for her termination was that she was no longer doing her job. No other reasons were given for her termination. CT Page 10371
Erickson began taking money during the second period (1995-1997) of her employment with Enfield Family Dental. The money was in the form of insurance checks made out to doctors. She would not take checks made out to a practice itself. Nor did she take any patient's personal checks.
Other employees of Enfield Family Dental took money out of petty cash. Erickson identified these employees as Lauren Angeloni, the office manager, and Cindy Meyer, the receptionist. Meyer took from petty cash on a regular basis. The amounts varied from $5.00 to $20.00. Angeloni took on occasion. Erickson observed her taking from petty cash three or four times.
As to what amounts Erickson took in the form of insurance checks and from petty cash, she did not know. Even though Erickson is a non-appearing defendant in the instant case, she was deposed in the action against Webster Bank and against the accountants. She was also deposed in the instant case. Throughout each of these depositions Erickson was steadfast in her assertion that she did not know how much money she took from Enfield Family Dental.
Even after Erickson was terminated she returned at night to the dental office and took money from the practice. This continued into the beginning of 1998 when she found her keys no longer worked. The locks had been changed. Erickson was subsequently arrested and charged with theft of money from the practice.
Upon finding funds missing in 1998 the owners and partners of Enfield Family Dental, Glenn Toner and Dale Roberts, asked their accountants to go back to 1991 and calculate funds received and funds deposited.
The evidence of the damage claim put forth by the Enfield Family Dental is in the form of a nine page xerox copy of ledger sheets covering the period from 1991 through August 1989. A cover letter refers to the information requested as being attached. The letter is from the plaintiff's accountant, Larry Rosen. There are two sets of figures on the first page. Those arrived at by Rosen and those arrived at by Toner. The difference between collections and deposits computed by Rosen is $242,751.77. That computed by Toner is $268,788.14. There is a $26,036.42 difference between these two figures. This document was introduced through Toner who could not testify to the content of the ledger sheets since he was not the preparer. Nor was this document a business record. The information contained therein was prepared for the instant litigation. Without the source documents from which it was prepared its accuracy is called into question. According to the individual ledger sheets the amounts recorded were divided into two separate groups, those provided by the bank and those provided by Roberts and Toner. Both sets CT Page 10372 are different. The accountants are not certifying to anything. They have simply made spread sheets of figures given them by the bank and the partners of the dental practice. These figures are not represented as verified by the accountants from source documents.
Finally there were others who were taking money from the practice and converting it to their own use. The amount is unknown.
The only credible documentation of money taken by Erickson are the copies of the actual checks deposited to Erickson's account, which the bank was able to produce. These totaled $60,352.29.
The testimony of Erickson through her deposition is that she did not start taking money until she went back to work in 1995. Yet the claim of the plaintiff begins in 1991. None of the checks produced by the bank pre-date 1995.
The complaint does not specify the amount alleged to have been taken by the non-appearing defendant, Erickson.
In a hearing in damages the plaintiff must prove its damages by a preponderance of the evidence. This court finds that the plaintiff has failed to carry this burden except as to that portion which is corroborated with the canceled checks totaling $60,352.29.
Both counts of the complaint sound in conversion. The plaintiff Enfield Family Dental seeks treble damages pursuant to § 52-564 of the Connecticut General Statutes. That statute mandates treble damages for theft. The plaintiff has not pled theft but asks the court to exercise its discretion to treble the amount converted. This the court will not do. The defendant served prison time on theft charges and also as part of the plea bargain paid $7,845.00 in restitution.
The plaintiff, Enfield Family Dental, claims statutory interest pursuant to § 37-3a of the Connecticut General Statutes. "Whether statutory interest is to be awarded is an equitable determination lying within the discretion of the trial court. (citation omitted) Perl v.Case, 3 Conn. App. 111, 116 (1984). This case involves unliquidated damages. The amount converted was not specified in either of the two counts of the complaint; and, there were other sources from which money was derived in the form of settlement, insurance payments and restitution. All of these factors leave in question what if any amounts remained to be recovered. There is no basis on which this court can award prejudgment interest going back to the date the action was brought in the instant action as pled. CT Page 10373
Claimed costs appear to include costs incurred on the other two settled cases. The costs which this court will allow will be those incurred for the instant action only. A separate bill of costs should be filed.
The court has found the amount converted by the defendant Erickson to be $60,352.24. Since the plaintiff has already recovered $67,845.00, judgment in the amount of one dollar ($1.00) will enter for the plaintiff, Enfield Family Dental together with costs.
Hennessey, J.